CLEAVEY P. SHEPPARD, *Appellant,* v KATE V. CROWLEY, *Appellee.*

1.  Where, under the terms of a life insurance policy, a change of the beneficiary is to take effect upon the endorsement of the same on the contract by the Life Assurance Society, such change may not take effect at any other time than that agreed upon without the consent of the society.

2.  Where a change in the beneficiary of a life policy may not take effect without the consent of the Life Assurance Society to be evidenced by an endorsement thereof on the contract of insurance by the Society at its home office, the act required to be done by the Society is not a mere ministerial one.

3.  Where a change in the beneficiary of a life policy was pending and unfinished when the assured died, and upon his death the amount of the insurance was payable to his estate, upon the happening of his death his estate, to be represented by his administrator, immediately became vested with the policy.

4.  The conclusions of a chancellor upon mere questions of fact will not be reversed where it does not clearly appear that he erred therein.

This case was decided by Division B.

Appealed from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*R. T. Boozer, Guy Gillen* and *J. B. Hodges,* for Appellant;

*G. O. Palmer,* for Appellee.

PARKHILL, J.—On the 21st day of December, 1908, the

Equitable Life Assurance Society of the United States, a corporation, filed a bill of interpleader against Cleavey P. Sheppard and Kate V. Crowley, as administratrix of the estate of Jerry F. Crowley, deceased, and in her own right.

That part of the bill bearing upon the question before us alleges that on the 22nd day of November, 1901, the said Life Assurance Society wrote a certain policy of life insurance on the life of Jerry F. Crowley, the intestate and son of the defendant, Kate V. Crowley, and brother-in-law of the defendant, Cleavey P. Sheppard for the sum of one thousand dollars; that one of the privileges and conditions of the said policy is as follows: "Change of Beneficiary: This contract is issued with the express understanding that the purchaser may from time to time during its continuance change the beneficiary or beneficiaries by filing with the society a written request duly acknowledged, accompanied by this contract, such change to take effect upon the endorsemen tof the same on this contract by the Society, provided it has not been assigned and notice of such assignment recorded on the books of the Society."

The bill further alleges that the said Jerry F. Crowley during his life time, on or about the 9th day of October, 1908, executed his request to the said Life Assurance Society; that the beneficiary of said policy should be changed from Lonnie L. Crowley to Cleavey P. Sheppard, which said request was received by the said Society on or about the 12th day of October, 1908, and the said change of beneficiary was endorsed upon the policy on the 15th day of October, 1908; that the said Jerry F. Crowley died intestate and without issue, on or about the 15th day of October, 1908; that satisfactory proofs of his death has been made and furnished the Society by Cleavey P. Shep-

pard, who claimed to be the then beneficiary of the said policy and demanded a settlement thereunder by payment to her of the proceeds of said policy; that thereupon the said Assurance Society issued its check for the amount of $1300.00 in her favor, which check was delivered to the said Cleavey P. Sheppard, but has not been paid and payment thereof has been stopped for the reason hereinafter stated.

That on or about the 17th day of November, 1908, the defendant, Kate V. Crowley, made known her claim that at the time of the death of the said Jerry F. Crowley, she was the owner of the said policy and all benefits thereunder, because at the time of his death, the change of the beneficiary of the said policy to Cleavey P. Sheppard had not taken effect by the endorsement upon the said policy of the said substitution by the said Assurance Society as provided by the conditions of said policy, and the said Kate V. Crowley claims the said sum of $1300.00, is due and payable to her, either as the administratrix of the estate of the said Jerry F. Crowley or in her own right.

That the said Cleavey P. Sheppard has commenced an action at law against the said Assurance Society to recover the said sum of $1300.00; and the said Kate V. Crowley has procured letters of administration on the estate of the said Jerry F. Crowley, deceased, and employed lawyers to prosecute her claim for the said $1300.00.

That the said Assurance Society has always been willing to pay the amount of such insurance money to each person or persons as should be lawfully entitled to receive the same and to whom it could pay the same in safety, and offers to bring the same into court, as the court shall decree; and that the said Society does not collude with

47 Vol. 61

either of the said defendants touching the matters in controversy in this cause, nor is the said Society in any manner identified with the defendants, or either of them, and this bill of interpleader is not exhibited at the request of either of them.

The bill prays that the said defendants may be required to make full and direct answer, and that defendants may be restrained from commencing actions against said Assurance Society for the recovery of said sum of money.

The chancellor made an interlocutory order in accordance with the prayer of the bill.

Among other allegations the answer of Cleavey P. Sheppard shows that the said Jerry F. Crowley married Lonnie L. Sheppard, the sister of this claimant, that Lonnie L. Sheppard died on July 31st, 1908, without issue; that on the 9th day of October, 1908, the said Jerry F. Crowley made and designated the claimant, Cleavey P. Sheppard, by an instrument in writing, the beneficiary under said policy and directed the same to the said Assurance Society in the City of New York with the request to endorse this change on the policy; that on the 15th day of October, 1908, this change in the beneficiary was endorsed on the policy by the said Association at its office in New York; that Jerry F. Crowley was found dead, near Lake City, Florida, on October 16th, 1908; that due proofs of his death were made and forwarded to the said Society, a check was issued to the claimant, but payment of same was stopped upon notice of the claim of Kate V. Crowley, mother of deceased.

Mrs. Kate V. Crowley answered that she is the mother of the said Jerry F. Crowley, deceased, and his sole heir at law and entitled to inherit all property of the said Crowley at the time of his death, that she has been appointed administratrix of his estate; she admits that

said Jerry F. Crowley, on the 9th day of October, 1908, attempted to change the beneficiary of said policy so as to cause the said Cleavey P. Sheppard to be named as beneficiary thereof instead of his deceased wife, Lonnie L. Crowley, but avers the said pretended application and request for a change in the beneficiary under said policy was and is utterly null and void and of no effect for the reason, among others, that according to the contract and policy of Assurance between the said Jerry F. Crowley and said Assurance Society any change in the beneficiary of the policy becomes effective upon the endorsement of the same upon the said policy of insurance, and that before the endorsement of such attempted change in the beneficiary had been endorsed upon the said policy, the said Jerry F. Crowley died, and the endorsement or attempted endorsement and the consent on the part of the said Assurance Society, after the death of the said Crowley was null and void and of no effect, and did not then and there operate to change the then legal beneficiary named in the policy, the said legal beneficiary at the time of his death being the estate of the said Crowley, the said policy being payable to the executors, administrators or assigns of the said Crowley.

Upon a consideration of the testimony, the chancellor found that a change of beneficiary under the policy could only have become effective by and with the consent of the Society, by an endorsement upon the policy at its home office; that the same to be effective in the interest of Miss Sheppard must have been made in the life time of the assured, Jerry F. Crowley; "that the court finds from the evidence that said endorsement was made after the death of the insured." The claim of Crowley is found valid and she is entitled to the funds arising out of this litigation.

From this decree Cleavey P. Sheppard appeals, assigning the same as error.

The question arises when the change in the beneficiary of the policy took effect. This question is answered by the conditions agreed upon by and between the Equitable Association and the assured; "such change to take effect upon the endorsement of the same on this contract by the Society." According to the terms of the policy, this change in the beneficiary could only be effected, provided the policy has not been assigned, and notice of such assignment recorded on the books of the Society, or if assigned that all assignments shall have been duly cancelled or released on the books of the Society. Such change of beneficiary could not take effect at any other time than that agreed upon without the consent of the Society. The Society indicates its consent to the change of beneficiary by an endorsement in writing upon the policy at the home office.

We do not think this question controlled by the principle that if the assured has taken all the steps necessary and otherwise done all in his power to effect a change of beneficiary, all that remains to be done is some purely ministerial duty on the part of the officers of the Society, the change will be regarded as complete. The act here required to be done by the company not being a mere ministerial act the principle just stated does not apply. See Freund v. Freund, 218 Ill., 189, 75 N. E. Rep., 925, 109 Am. St. Rep., 283, in which the court was considering in a New York policy, as this one is, the provision in regard to the time the change of beneficiary takes effect.

The endorsement of change of beneficiary in the policy was made by the Society on the 15th day of October, 1908, and the chancellor found from the evidence that the assured, Jerry F. Crowley, died prior to that date. The

evidence tends to show that Crowley was in a weak condition both mentally and physically by reason of excessive use of whiskey for some time theretofore. On Wednesday, October 14th, he borrowed two dollars and left his home accompanied by his dog. The dog returned without his master Wednesday night. Crowley was dead when found in a field in the neighborhood about ten o'clock Friday morning, Oct. 16th. Two bottles, one of them empty, the other half full of whiskey, was found beside him. His face was terrible bloated, one side was badly smollen, his features black, his body was in bad condition, the skin slipped from the flesh in places and the odor therefrom was offensive. Witnesses who had experience and knowledge of such matters testified that, taking into consideration the time of the year, the weather, the condition of the body and the state of its decomposition, the deceased must have died prior to the 15th of October, when the change of the policy was effected. The conclusions of the chancellor on these facts will not be reversed as it does not clearly appear that he erred therein. City of Jacksonville v. Huff, 39 Fla., 8, 21 South. Rep., 774.

This transaction was pending and unfinished when the assured died, and upon his death the amount of the insurance was payable to his estate. Upon his death "his estate," to be represented by his administrator, immediately became vested with the policy.

Upon the facts in this case, the mother of the assured is entitled to the proceeds of the policy.

The decree is affirmed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.