## CRUZE v. LIFE INS. CO. OF VIRGINIA.

### No. 16895.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1939.

For former opinion, see 184 So. 735.

Herman L. Midlo, of New Orleans, for appellant.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellee.

### PER CURIAM.

In an application for rehearing filed in this matter, counsel for the defendant assert that we have committed grievous error in applying the doctrine of contra non valentem to the facts of this case and in holding that the course of prescription was suspended because of the insurer's failure to insert in its policies that they were written under the provisions of Act 193 of 1906. It is suggested that the cases cited by us in the opinion do not sustain our conclusions, since those authorities clearly set forth that the maxim "contra non valentem" may not be invoked in Louisiana unless the debtor has fraudulently concealed information from the creditor concerning the existence of the debt.

It is true that, in the matters of Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598; Reardon et al. v. Dickinson et al., 156 La. 556, 100 So. 715, and Bernstein v. Commercial National Bank, 161 La. 38, 108 So. 117, it appeared that the debtors had been guilty of active concealment and it is likewise so that, in the cases of Littlefield v. City of Shreveport, 148 La. 693, 694, 87 So. 714, Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924, and Succession of Kretzer, La.App., 170 So. 906, the courts refused to invoke the doctrine because there had been no active machination on the part of the debtors for lulling the creditors into false security, it being concluded that the debtors' mere passivity was not enough to arrest the course of prescription.

Counsel contend that, inasmuch as we have exonerated the defendant of any bad faith (because of its failure to insert in its policies that they were written under the provisions of Act 193 of 1906), it follows that there is no just reason for the application of the doctrine of contra non valentem. We feel, however, that there is a plain distinction between the facts of the instant case and those found in the Littlefield, Sartor and Kretzer Cases for the rea-

son that the debtors in those matters were not charged with the legal duty of notifying their creditors of the existence of the right, whereas, here, the applicable statute commanded that the defendant advise its policyholders of all the rights accorded them thereunder. Hence, when the defendant failed to obey the mandate of the law, its omission was not passive but was active. And this is so whether its failure was actuated through deceit or whether it was due to negligence or mistake. In other words, the breach of the law by the defendant is tantamount to a technical fraud on its part and it must be regarded as having had the effect of hindering the creditor in ascertaining knowledge of the existence of the right established in his favor.

The application for rehearing is therefore denied.

Rehearing denied.