HOWELL R. WARREN v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *et al.*

189 So. 412
Division A
Opinion Filed June 2, 1939

*J. H. Mercer & John G. Sims,* and *A. Patrick Cannon,* for Appellant;

*Shutts & Bowen, Ira C. Haycock* and *Charles L. Knowles,* for Appellees.

TERRELL, C. J.—In May, 1937, the Appellant, Howell R. Warren, brought an action at law against the Prudential Insurance Company of America to recover the proceeds of a double indemnity insurance policy. In June, 1937, the Prudential Insurance Company of America filed a bill of interpleader alleging that in addition to Howell R. Warren, Mary Kumagai, a minor daughter of the insured and Sam Kumagai, the legal guardian of Mary Kumagai and the executor of the estate of the deceased claimed title to the policy.

Howell R. Warren filed a counter claim and an answer to the bill of complaint. Mary Kumagai and Sam Kumagai filed pleas by way of interpleader to the answer and the counter claim. A special master was appointed who took testimony and made findings of law and fact. He awarded the proceeds of the policy of insurance to Howell R. Warren because of an assignment made to him by the insured in her lifetime. Mary and Sam Kumagai filed exceptions to the master's report which were overruled in so far as they awarded the proceeds of the policy to Howell R. Warren. A final decree reversed the finding of the master and awarded the proceeds of the policy to "Sam Kumagai as administrator of the estate" of the insured. This appeal is from the final decree.

The question to be adjudicated is whether Howell R. Warren or Sam Kumagai as administrator of the estate of the insured is entitled to and should be awarded the proceeds of the policy of insurance brought in question.

Appellant contends that he is lawfully entitled to the proceeds of the policy either as the assignee or beneficiary of the insured as expressed in the following instrument:

"April 30th, 1936.

"I, undersigned, insured under policy No. W22078 in the above named company, hereby request and authorize the

said company in the event of my death prior to the death of the person next hereinafter named, to pay the amount of benefit specified in said policy to Howell R. Warren, my adviser, and the receipt by said person or other sufficient proof of such payment, shall operate in the same manner as the receipt of proof or payment described in said policy.

"It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements, or conditions contained in said policy or the application thereof especially the provision in the policy that the company may make any payment provided for in the policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, anything herein to the contrary notwithstanding.

"H. W. MacInnes.

"META ANNA MEYERS
"(nee Meta Anna Kumagai)"

As a prerequisite to assignment, the policy requires that it be in writing, and the company shall not be deemed to have knowledge of such assignment unless the original or a duplicate thereof is filed at the home office of the company. The company will not assume any responsibility for the validity of the assignment.

As a prerequisite to change of beneficiaries, the policy requires that if such right has been reserved, the insured may at any time while the policy is in force, by written notice to the company at its home office change the beneficiary under the policy, such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary shall cease.

The chancellor held that the purported assignment here quoted must fail because a copy thereof was not filed in the office of the company and that the provisions of the second paragraph thereof were not complied with. As to the alleged change in beneficiaries, the chancellor held that there was failure to comply with the terms of the policy in that the required notice was not given.

In holding this, the chancellor relied on Sheppard v. Crowley, 61 Fla. 735, 55 So. 841, which in effect holds that the right to change the beneficiary in an insurance policy depends upon the terms of the contract between the insurer and the insured as expressed in the policy or contract of insurance. On this point, there appears to be two lines of decision, one requiring a strict compliance with the terms of the policy and the other permitting a more liberal construction.

Sheppard v. Crowley, *supra,* aligns Florida with the states approving a strict construction of the terms of the policy which appears supported by the sounder reasoning. We find no reason to depart from that rule in this case. It results that the judgment below must be affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.