L. M. GERSTEL, as Trustee in Bankruptcy of the Estate of Mabel A. Hamlyn, as an Individual and Trading as Hamlyn Mattress & Upholstering Company, v. C. H. ARENS, Administrator with will annexed of the estate of Carl P. Haubeil, Deceased, and MARGARET BARROW, *et vir.*

196 So. 616
Division B
Opinion Filed May 17, 1940
Rehearing Denied June 24, 1940

*Morton B. Adams,* for Appellant;
*Fred Paradise,* for Appellees.

CHAPMAN, J.—On November 7, 1938, C. H. Arens, administrator of estate of Carl P. Haubeil, deceased, Margaret Barrow and husband, Dewey Barrow; filed their bill of complaint in the Circuit Court of Dade County, Florida, against Mabel A. Hamlyn, widow, and Aetna Life Insurance Company, seeking to recover $1,000.00 on a policy of insurance issued by the Aetna Life Insurance Company upon the life of the deceased Carl P. Haubeil, and to restrain the payment thereof by the insurance company to the defendant Mabel A. Hamlyn. An answer was filed by the defendant Mabel A. Hamlyn and the Aetna Life Insurance Company filed its answer admitting liability on the policy of insurance issued by it in the sum of $1,000.00 on the life of Carl P. Haubeil, and the said sum was, upon stipulation of the parties, paid into the registry of the court to be paid out according to law. An order was entered dismissing the bill of complaint as to the Aetna Life Insurance Company and discharging it from further liability under the terms of the policy previously issued by it on the life of Carl P. Haubeil.

The record shows that Mabel A. Hamlyn was adjudged

a bankrupt and L. M. Gerstel was appointed trustee of her estate. Considerable testimony was taken and on final hearing the lower court decree that the insurance in the sum of $1,000.00 due under the terms of the policy issued on the life of Carl P. Haubeil by the Aetna Life Insurance Company was the property of Margaret Barrow. From this final decree an appeal has been perfected to this Court by L. M. Gerstel, Trustee in bankruptcy of the estate of Mabel A. Hamlyn, a widow.

The testimony shows that Mabel A Hamlyn and Carl P. Haubeil, on May 11, 1938, entered into a partnership agreement under the name of Hamlyn Mattress & Upholstering Company, and the partnership continued until September 21, 1938, when the same was dissolved by the mutual consent of the parties by signing a release and dissolution, viz.:

"KNOW ALL MEN BY THESE PRESENTS that:

"WHEREAS, on the 14th day of May, 1938, the undersigned MABEL A. HAMLYN and CARL HAUBEIL entered into that certain partnership agreement bearing date aforesaid, and relating to Hamlyn Mattress Company, of Miami, Florida, wherein among other things said agreement provided that if the said CARL HAUBEIL did devote his full time and attention to the business described in said partnership agreement and otherwise discharge the provisions thereof to be by him discharged for a period of two (2) years from the date thereof, he would thereupon become the owner of an one-half (½) interest of Hamlyn Mattress Company; and

"WHEREAS, Hamlyn Mattress Company has been and is now without the necessary and sufficient funds to meet its obligations and properly carry on its business by reason whereof the business is now in a precarious position financially; and

"WHEREAS, CARL HAUBEIL is now unable to devote any

of his time and attention to the company by reason of a recent illness; and

"WHEREAS, that MABEL A. HAMLIN may preserve or salvage her equity in said company by the borrowing of funds or by the sale of the business, or otherwise, it has been concluded by the parties hereto that it would be to their interest to terminate and dissolve the partnership relation and cancel said partnership agreement and to release each other of and from all libility by virtue thereof;

"Now, THEREFORE, in consideration of the premises and the sum of ONE DOLLAR ($1.00) in hand paid each to the other, receipt whereof is hereby acknowledged, and other good and valuable considerations, it is mutually agreed between the signers hereof as follows:

"1. The partnership agreement hereinbefore referred to and described shall cease and terminate and come to an end simultaneously with the signing of this instrument by the parties hereto.

"2. That the partnership relation existing between the parties by virtue of the said partnership agreement or otherwise is hereby dissolved, which dissolution shall take effect immediately upon the signing of these articles.

"Each of the parties hereto is desirous of discharging the other of all liability arising under or growing out of said partnership agreement, to this end, and in consideration of the sum of ONE DOLLAR ($1.00) paid by CARL HAUBEIL to MABEL A. HAMLYN, receipt whereof is hereby acknowledged, and other good and valuable considerations, she does for herself, her heirs and legal representatives forever release, relieve and discharge CARL HAUBEIL from any and all liability of every nature whatever by reason of said partnership agreement or otherwise; and the said CARL HAUBEIL in consideration of the payment of the sum of ONE

DOLLAR ($1.00) and other good and valuable considerations, made by Mabel A. HAMLYN, receipt whereof is hereby acknowledged, does for himself, his heirs and legal representatives, hereby release, relieve and discharge MABEL A. HAMLYN of and from any and all liability of any nature whatsoever by virtue of said partnership agreement, or otherwise, and does hereby release and relinquish any and all interest of every nature which he now has or may have hereafter in Hamlyn Mattress Company by virtue of said partnership agreement."

While the partnership was in existence and on June 16, 1938, the partners Mabel A. Hamlyn and Carl P. Haubeil, took out an insurance policy in the sum of $1,000.00 with Aetna Life Insurance Company payable to the Hamlyn Mattress & Upholstery Company. The pertinent provisions of the policy on the life of Carl P. Haubeil as to the method of changing the beneficiary and the assignment thereof are viz.:

· "3. How BENEFICIARY MAY BE CHANGED. The beneficiary may be changed as often as desired by filing a written request therefor at the Home Office of the Company accompanied by the policy for endorsement and such change shall take effect as of the date of execution of such request, without prejudice to the Company on account of any payment made by it before receipt of such request, but only if it has been endorsed upon the policy.

"If any beneficiary dies before the insured, the interest of such beneficiary shall vest in the life owner alone unless otherwise provided herein."

"15. ASSIGNMENTS. No assignment of this policy shall be binding upon the Company unless and until the original or a duplicate thereof is filed at its Home Office. The Company does not assume any responsibility for the validity

of an assignment. No assignment of this policy or any interest thereunder made after the death of the insured shall be void unless the Company consents thereto."

Carl P. Haubeil became seriously ill and was taken to a hospital. His ailment was diagnosed as cancer and he became aware that he could not live very long, and died on the 30th day of October, 1938. He made a will and gave all of his property to his sister, Mrs. Margaret Barrow, inclusive of the policy on his life issued by the Aetna Life Insurance Company, and made application to the aforesaid company to change the beneficiary named in the policy and executed the necessary written request therefor directed to the insurance company, but the terms of the policy provided that the change in the beneficiary should be endorsed upon the policy. The policy was at the time in the possession of Mabel A. Hamlyn and she refused to surrender the possession thereof or to permit the company to endorse thereon the change in the name of the beneficiary, and retained the policy until the death of Carl P. Haubeil. The insurance was taken out for the benefit of the partnership. Subsequently Mabel A. Hamlyn was declared a bankrupt and the trustee claimed the proceeds of the policy paid into the registry of the court as a partnership asset.

The special master recommended and the lower court decreed that upon the dissolution of the partnership, the beneficial interest in the insurance policy vested in Carl P. Haubeil and that upon his death the proceeds of the policy became a part of the estate and subject to disposition by will, and that the will gave the money to Margaret Barrow, sister of Carl P. Haubeil.

It is contended first that in this State the beneficiary cannot be changed except by strict compliance with the provisions for that purpose contained in the policy. The rule

requiring strict compliance with the provisions in the policy was first adjudicated in Sheppard v. Crowley, 61 Fla. 735, 55 So. 841, and has been followed by this Court ever since. See: Garner v. Bemis, 81 Fla. 60, 87 So. 427; Warren v. Prudential Life Insurance Company, 138 Fla. 443, 189 So. 412.

Appellants insist that inasmuch as the policy was procured by the partnership, the premiums paid by it, was payable to the partnership, and inasmuch as Haubeil had by written agreement released all his interest in any of the assets of the partnership, as well as become absolved from all liability thereunder, that the policy became the property of the partnership, and *ipso facto,* of Mrs. Hamlyn.

In 47 C. J. 796, Section 239, it is said that "under the general rule permitting contracts between co-partners, a partner may transfer his interest in the partnership to a co-partner, even though the firm is insolvent." On page 797 of that same volume it is further said:

"A purchase in good faith by a partner of his co-partner's interest in the firm vests the ownership of the firm property in the purchasing partner * * *.

"The transfer by a partner to his co-partner of all his interest in the firm carries with it all claims which the seller has against the firm, * * * and also relieves the seller from all liability for debts which he owes the firm, * * *."

It follows, therefore, that the release of Haubeil from all liability under the partnership, and the consequent relinquishment of all rights to or interests in the property or assets vested all the property of the former partnership in Mrs. Hamlyn.

It is the law of this State that a company or corporation has such an insurable interest in the life of its officers as to be allowed to take insurance on them for the benefit of the

company.  In this connection see McMullen, *et al.*, v. St. Lucie County Bank, 128 Fla. 745, 175 So. 712, where it is said:

"It is the settled law that a corporation may take out business insurance on the life of its president, its directors or other agents and employees in whom it has an insurable interest and when it does this and pays the premiums as they mature, a resulting trust arises in favor of the corporation in the proceeds of the policy which inhibits its recovery by the insured's personal estate.  (Citing cases.)

"These authorities and others hold that if the insurable interest existed at the time the insurance was secured, the fact that such interest is later cut off or for other reasons ceases to exist is of no consequence.  The beneficiary who continues to pay the premiums may enforce the collection of the proceeds of the policy."  (Citing cases.)

The master, in his report, makes this statement, with which the chancellor is in accord:

"It is the opinion of the master that upon the dissolution of the partnership, the beneficial interest in the insurance policy vested in Carl P. Haubeil, and that upon his death the proceeds became part of the estate subject to the disposition by his will and that Marguerite Barrow is entitled to the proceeds of the said insurance policy and the master recommends that a decree be entered awarding the proceeds of the said life insurance policy to Marguerite Barrow."

We cannot agree with them that the beneficial interest in the policy vested in Haubeil on the dissolution of the partnership.  The policy was, in the first instance, procured for the benefit of creditors complaining of the unsafe financial condition of the partnership.  These creditors relied upon the policy for the payment of their obligations and on the dissolution thereof and assumption of all assets and liabilities

by Mrs. Hamlyn, who subsequently attempted to operate the business, the policy became part of the partnership assets.

It is our opinion that the policy remained as part of the assets of the partnership, and as such should go to the trustee in bankruptcy. The final decree of the chancellor is reversed with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.