This is a suit on a policy of industrial life insurance. The face amount of the policy is $200. The defense is that at the time of the death of the insured the policy had lapsed and that because of policy conditions recovery must be limited to $6.90, which is the value of a fully paid policy, which, at the time of the lapse could have been purchased with the accumulated reserve.
From a judgment for the full amount sued for, defendant insurer has appealed.
The insured was Milton Jacobs or Jacob, and the beneficiary designated in the policy is Josephine Jacobs.
The policy was issued on November 30th, 1936. Premiums were paid to August 12th, 1940. Thus the policy remained in full force and effect for three years, eight months and two weeks.
The insured died on October 19th, 1941, which was one year, two months and seven days after the policy had lapsed. The policy provided that in the event of lapse the insured might avail himself of any one of three options. First, he might choose to accept in cash the full surrender value of the policy. This option, however, would have been available, under the terms of the policy, only if premiums had been paid for ten years.
Second, if premiums for three years had been paid at the time of the lapse, the insured, upon written request within sixty days of the lapse, might have selected either to receive extended insurance for the full face of the policy for such term as the accumulated reserve would pay for, or third, he might have obtained a fully paid policy for such amount as the accumulated reserve would purchase.
The policy also provided that
"If the Insured shall not surrender this Policy for its Cash Value, as provided above in the First Option, or for Extended Term Insurance, as provided in the Second Option, the amount of Paid-Up Non-Participating Insurance will be automatically continued in force as provided in the Third Option."
After the lapse, no request of any kind was made and the policy was not surrendered.
The record shows that at that time there was an accumulated reserve sufficient to purchase a fully paid policy of the face value of $6.90. It seems to be conceded by the defendant insurer that if within sixty days of the lapse the policy had been surrendered in connection with a request for extended insurance, this accumulated reserve would have been sufficient to extend the full face amount of the policy beyond the day of the insured's death. Such a *Page 229 
policy as that which is involved here, if issued prior to the effective date of Act 148 of 1936, and prior to Act 57 of 1932, which amends Act 193 of 1906, would have been controlled by Act 193 of 1906. Under the terms of this Act of 1906, the insured, without any action on his part, would have been entitled to the extended insurance at the full face amount of the policy. See Succession of Watson v. Metropolitan Life Ins. Co., 183 La. 25,162 So. 790.
It is the contention of plaintiff that since this policy, in some respects, did not comply with the provisions of the Act of 1936, it should he held to be controlled by the earlier Act of 1906, and accordingly that, as a result of the decision in the Watson case, it should now be held that the said policy was automatically extended upon the occurrence of the lapse. Even if this policy had been issued prior to 1936, and after the enactment of Act 57 of 1932, the principle announced in the Watson case would not have been applicable for that Act, 57 of 1932, amends Act 193 of 1906, and does not require that in the event of lapse — where no option is exercised by the insured — the accumulated reserve must be applied to the purchase of extended insurance. But this policy was issued not only after the amendment of 1932, but after Act 148 of 1936 had become effective and, therefore, it is controlled by that later statute which, in many respects, changes entirely the provisions of the earlier Act of 1906, and also of Act 57 of 1932, where the policy involved is an industrial one.
It is conceded that this is an industrial policy. In the first place, the statute of 1936 does not require that there be any accumulated reserve for any one of the three options unless and until the policy has been in force for five years — the earlier statutes required that there be a reserve value after three years. And, in the second place, the new statute provides that in the event of a lapse, after premiums have been paid for five years, if the insured does not exercise the option, the insurer shall apply the reserve in accordance with the policy provisions:
"* * * If no option herein provided for shall be availed of by the assured, the reserve herein provided, without any further action on the part of the assured, shall be applied either to purchase paid up insurance or to continue the insurance in force at its full amount as hereinabove provided, the policy to state which of the two forms will be automatic."
We emphasize the fact that the policy here had been in effect less than five years and that, therefore, since it was written after the effective date of the Act of 1936, it was controlled by that Statute and there was therefore no legal requirement that it have any accumulated reserve value or that that reserve value, if it had any, should, on the occurrence of the lapse, be applied in any particular way.
Any policy stipulations by which the insurer agreed that there should be a reserve before the payment of premiums for five years, and that that reserve should, on the occurrence of the lapse, be applied in a particular way, were controlled in no way by the Statute and were thus purely contractual. Those stipulations, though they provided for the setting up of an accumulated reserve value at the end of the third premium year, also provided that should the insured, on the occurrence of the lapse, fail to surrender the policy and fail to demand extended insurance within sixty days of the lapse "the amount of paid up-non-participating insurance will be automatically continued in force * * *."
The insured permitted the policy to lapse and then failed for more than sixty days to demand extended insurance. It follows that the only right under the policy was to accept the fully paid policy of such face value as the accumulated reserve would purchase.
Counsel for plaintiff argues that since the policy did not contain a statement to the effect that it was issued in accordance with the provisions of the Statute of 1936, it must have been written under the provisions of the Statute of 1906, and that therefore the insurer was required to set up a reserve value at the end of the third premium year, and was also bound on the occurrence of the lapse to apply that reserve value to the purchase of extended insurance for the full face amount of the original policy. Surely that is not the result of the company's failure to refer in the policy to the Act of 1936. As a result of that statute, all of its provisions were automatically written into the policy with the result that the insurer could not effectively insert terms or conditions more onerous on the insured than the statute permitted, but the insurer could, and, as a matter of fact, did insert terms and conditions which were more favorable to the insured *Page 230 
than the statute required. Surely it had the right to make these more favorable terms dependent upon conditions which it might see fit to insert so long as there was no contravention of the statute. It did this, and, in effect, it said to the insured:
"You are not entitled under the law to any reserve value until premiums for five years have been paid. But we will set up a reserve after the premiums for only three years are paid provided that if on the occurrence of a lapse you wish to use this reserve to purchase extended insurance you give notice within a stipulated time and provided further that if you do not give such notice we will assign to you paid up insurance of such face amount as can be purchased by this accumulated reserve."
There was no violation of the statute in so doing. Nor did the failure of the insurer to refer in the policy to the fact that it was controlled by the provisions of the Statute of 1936 in any way interfere with the exercise by the insurer of any rights which he had under that statute, for under that statute no rights concerning the application of the reserve ever came into existence since premiums for five years were not paid.
We held in Parretti v. Metropolitan Life Ins. Co., La.App., 196 So. 663, and in Cruze v. Life Insurance Co. of Virginia, La.App., 185 So. 492, that where, because of the failure of an insurer to refer in a policy to a statute by which it is required that reference to that statute be made in the policy, an insured is not put on notice as to his legal rights, he cannot be deprived of those rights by prescription because of the principle embodied in the doctrine "contra non valentem agere nulla currit praescriptio." [196 So. 665.]
While the Act of 1906 required that it be referred to in the policy, the Act of 1936 contains no such requirement. But even if it did contain such a requirement, and had reference to the statute of 1936 been required, the situation would not have been changed so far as this case is concerned because the rights of the insured have in no way been affected by the fact that the statute was not referred to, and this for the reason that no rights came into existence under the statute of 1936.
It was unimportant that the insured be put on notice, on the occurrence of the lapse, that he was accorded certain rights by that statute for the fact is that no such rights were accorded. The rights were accorded only by the policy, and only because the policy was more liberal than the statute, and, as we have already said, these more liberal rights were made conditional upon the giving of the necessary notice.
There is nothing to contradict the testimony of the auditor and accountant of the insured that the accumulated reserve at the time of the lapse would have purchased fully paid insurance of the face value of $6.90. It follows that the judgment must be reduced to that amount. Since the record shows that that amount was tendered to the claimant, and was deposited in the registry of the court, all costs must be paid by plaintiff.
The judgment appealed from is amended by the reduction of the amount thereof to $6.90 and, as thus amended, it is affirmed. All costs to be paid by plaintiff.
Amended and affirmed.