TRAVELERS INS. CO. v. DAVIS et al.

Civ. No. 2010–T.

United States District Court
S. D. Florida, Tampa Division.

Jan. 31, 1952.

Shackleford, Farrior, Shannon & Stallings, Tampa, Fla., for plaintiff.

Cooper, Cooper & Tucker, Tampa, Fla., for Mary C. Davis.

J. B. Norman and William R. McCown, Tampa, Fla., for Elizabeth R. Davis.

---

**6**

DE VANE, Chief Judge.

This is an interpleader involving claims to $1,500.00 in a Life Insurance certificate with The Travelers Insurance Company, a corporation.

The facts in the case are briefly summarized below:

Theodore L. Davis, deceased, hereinafter referred to as the insured, was an employee of the Monroe Calculating Machine Company, hereinafter referred to as the employer. The Travelers Insurance Company, plaintiff, herein, being hereinafter referred to as the company, issued a group policy to employer insuring its employees. A master policy was issued to employer containing the insurance contract, but a certificate was issued to each person covered by the policy. One of such certificates was issued to the insured on September 1, 1945, and in said certificate, Mary C. Davis, then the wife of the insured, was named beneficiary.

Provision #6 of the master policy reads as follows: "Change of Beneficiary—Any employee insured hereunder may designate a new beneficiary at any time by filing with the employer a written request for such change on forms furnished by the company, but such change shall be effective only upon receipt of such request at the Home Office of the company."

The certificate issued to the employee contained the following provision:

"If death shall occur during the continuance of said policy while the employee is insured hereunder, the amount of the employee's insurance, then in force, under said policy, shall be payable to the beneficiary designated by the employee.

"Under the group life insurance policy, the employee has the right to change the beneficiary."

In November, 1946 insured and Mary C. Davis were divorced and on December 28, 1946, insured married Elizabeth R. Rice. On October 23, 1950 insured executed and mailed to the General Office of the employer, at Orange, N. J., a memorandum changing the beneficiary and designating Elizabeth R. Davis, his wife, at that time, as beneficiary, under the policy. Two days later, on October 25, 1950, the above mentioned request reached the Home Office of the employer and on the same day the insured died.

The bill of interpleader, filed herein, named both Elizabeth R. Davis and Mary C. Davis, as defendants, and the company has paid into the registry of this court the sum of $1,500.00 due under the policy and has petitioned this court to determine the rightful beneficiary.

The parties stipulated as to the correctness of the facts stated in the pleadings filed herein and the sufficiency of these facts to determine the issue. From these facts it is shown, and the parties stipulated, that the designated change of beneficiary did not reach the office of the company until after the death of the insured. The question before the court is whether the failure of the written request for the change of beneficiary to reach the office of the insurer before the death of the insured defeated the attempt of the insured to change the beneficiary.

There are no reported decisions of the Supreme Court of Florida involving a change of beneficiary under a group life insurance policy. On the general question, the Supreme Court of Florida is committed to a strict interpretation of policy requirements for a change of beneficiary in an ordinary life insurance policy issued to individuals. Sheppard v. Crowley, 61 Fla. 735, 55 So. 841; Warren v. Prudential Insurance Company of America, 138 Fla. 443, 189 So. 412; Gerstel v. Arens, 143 Fla. 20, 196 So. 616; Miller v. Gulf Life Insurance Company, 152 Fla. 221, 12 So.2d 227.

In Johnson v. Johnson, 139 F.2d 930, 934, 151 A.L.R. 268, the Court of Appeals, Fifth Circuit, in a group life policy case, also adhered to a strict interpretation of policy requirements for a change in beneficiary. The question is whether these decisions control in this case.

The court finds and holds that they do not necessarily control here. Under the provisions of the policy involved in this suit the provisions with reference to a change of beneficiary required no action,

whatever, on the part of the company of the employer. The change became effective upon receipt of the notice by each of the change of beneficiary. Under the certificate issued to the insured he was given full and complete authority to make the change and when he designated a new beneficiary and notified his employer of the change he had done all that anyone was required to do and all that he could do to make the change effective. In Johnson v. Johnson, supra, there was evidence which created a doubt as to whether a change of beneficiary had been voluntarily made and it must have been this evidence that led the court, in that case, to point out that the facts in that case did not bring it within the rule that "equity will treat as having been done that which should have been done."

This case falls clearly within that equity rule and equity fully warrants this court holding that Elizabeth R. Davis, the wife of the insured, at the time of his death, is entitled to the proceeds of the insurance certificate held by the insured, and the court so holds. See: Kit v. Stecker, 3 Cir., 109 F.2d 281.

A Judgment will be entered in conformity with this Memorandum Decision.