PER CURIAM.
By this interlocutory appeal, the appellants [plaintiffs in the trial court] seek review of an order dissolving a temporary injunction which had been issued upon a sworn complaint. The complaint alleged in substance that the defendant [appellee here] had advanced money to the plaintiffs and, as evidence of said indebtedness, took certain promissory notes secured by collateral in the form of corporate stock. It was alleged that, notwithstanding the maturity dates contained in the notes, the banking institution had agreed to successive renewals of same upon the payment of interest and certain payments of principal in at least a minimal amount of $5,000.00 each, after the first year. There were four notes in all involved and, notwithstanding this oral agreement to renew, the banking institution served a notice in the spring of 1965 pursuant to § 685.02, Fla.Stat., F.S.A., that it intended to sell said collateral if said notes were not paid in full at their maturity dates.
A temporary injunction issued without notice and, upon a motion to dissolve being filed, the chancellor entered the order here under review dissolving said temporary injunction because of the provisions of § 91 of 12 U.S.C., and this appeal ensued.
It is elementary that in reviewing the actions of a chancellor on appeal the order under attack will be sustained, even if the reasons advanced are erroneous. See: Tri-County Produce Distributors, Inc. v. Northeast Production Credit Association, Fla.App.1963, 160 So.2d 46; Oper v. Air Control Products, Inc. of Miami, Fla.App. 1965, 174 So.2d 561; Massachusetts Bonding & Insurance Company v. Bryant, Fla. App.1965, 175 So.2d 88. We find that the chancellor was correct in dissolving the injunction, not because of the provisions of § 91 of 12 U.S.C., but because of the failure of the complaint to state a cause of action in that the plaintiffs failed to tender into the registry of the court the accrued interest, which they conceded to be due. See: *24 Freitag v. Simon, Fla.App.196S, 171 So.2d 918. It is basic, in the determination of the validity of a temporary injunction, that there be equity in the complaint. See: Hall v. Horne, 52 Fla. 510, 42 So. 383; Builders’ Supply Company v. Acton, 56 Fla. 756, 47 So. 822; B.L.E. Realty Corporation v. Mary Williams Company, Inc., 101 Fla. 254, 134 So. 47. Having found that the complaint failed to state a cause of action, this opinion does not reach the conclusion of whether or not § 91 of 12 U.S.C. is applicable under the circumstances revealed by this record.
Therefore, we affirm the order under review and return the matter to the chancellor with directions to dismiss the complaint.
Affirmed with directions.