351 So.2d 62 (1977)
Lena SHUSTER, Appellant,
v.
NEW YORK LIFE INSURANCE CO. and Shirley Shuster Grossman, Appellees.
No. 76-971.
District Court of Appeal of Florida, Third District.
October 11, 1977.
Rehearing Denied November 16, 1977.
*63 Martin Lemlich, Miami, for appellant.
Shutts & Bowen and Don A. Lynn, H. Robert Koltnow, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This case is an action to recover benefits due on a life insurance policy instituted by an alleged beneficiary of the policy. Judgment was rendered against the insurer but in favor of another alleged beneficiary who was impleaded as a third party defendant. The plaintiff appeals.
The central issue presented for review is whether the insured prior to his death properly effected a change of beneficiary on the life insurance policy in favor of the plaintiff. If so, a secondary issue is presented as to whether the plaintiff is entitled to reasonable attorney's fees for bringing action to recover under the policy. We conclude that the change of beneficiary in favor of the plaintiff was properly effected and that the plaintiff is entitled to recover reasonable attorney's fees for bringing the action. We accordingly reverse.

I
On October 8, 1930, the defendant New York Life Insurance Company issued a paid up life insurance policy to the now deceased insured, Sol Shuster. Some twenty-two years later, he changed the beneficiaries under the policy to his two children. One of these beneficiaries was his daughter, the third party defendant Shirley Shuster Grossman. The other named beneficiary predeceased the insured.
On July 29, 1975, the insured went to the office of his lawyer, executed a change of beneficiary form on his life insurance policy in favor of his wife, the plaintiff Lena Shuster, and gave the change of beneficiary form to his lawyer for mailing to New York Life Insurance Co. On August 25, 1975, the insured died.
Sometime between September 5-10, 1975, the insured's lawyer mailed the change of beneficiary form and the insurance policy to the New York Life offices, which form and policy were received shortly thereafter. On September 23, 1975, New York Life endorsed the change of beneficiary on the insurance policy, which endorsement was made known to the company's home office the next day. Both the plaintiff Lena Shuster and the third party defendant Shirley Shuster Grossman filed proofs of claim as a beneficiary under the policy. New York Life refused payment under the policy as to both claimants.
The New York Life Insurance policy contains a specific provision on a change of beneficiary. It provides as follows:
"The Insured may from time to time change the beneficiary unless otherwise provided by indorsement on this Policy or unless there be an existing assignment of this Policy. Every change of beneficiary *64 must be made by written notice to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect. After such indorsement the change will relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured be living at the time of such indorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office." [Emphasis added.]
The plaintiff, Lena Shuster thereafter filed suit against New York Life for the proceeds allegedly due under the policy. Suit was filed 24 days after the plaintiff had filed proof of claim with New York Life but subsequent to the receipt of New York Life's letter to her refusing payment under the policy.
New York Life was permitted to implead Shirley Shuster Grossman as a third party defendant. New York Life requested the court to determine which of the two rival claimants was entitled to the proceeds of the policy. After a non-jury trial, the trial court awarded judgment against New York Life in favor of the third party defendant Shirley Shuster Grossman and denied attorney's fees for the plaintiff. The plaintiff appeals assigning as error the denial of his pre-trial motion for summary judgment, the entry of the final judgment, and denial of his motion for attorney's fees.

II
It is the established law of this state that the right of an insured to change the beneficiary of a life insurance policy depends on the terms of contract between the insurer and insured as expressed in the insurance policy, and strict compliance with the terms of the policy is required in order to effect such change. Gerstel v. Arens, 143 Fla. 20, 196 So. 616 (1940); Warren v. Prudential Insurance Co. of America, 138 Fla. 443, 189 So. 412 (1939); Sheppard v. Crowley, 61 Fla. 735, 55 So. 841 (1911).
If an insured dies before the insurer endorses a change of beneficiary on an insurance policy pursuant to prior notice by the insured, the change is ineffective under a policy which provides that such change shall take effect only upon such endorsement. Sheppard v. Crowley, 61 Fla. 735, 55 So. 841 (1911). On the other hand, the change is effective under the same set of facts when a policy provides that upon such notice and endorsement, the change shall relate back and take effect as of the date the insured executed the change of beneficiary notice; moreover, the insurer is responsible for the payment of reasonable attorney's fees incurred by the rightful beneficiary in bringing suit on the policy when the insurer refuses to pay such beneficiary. Kurz v. New York Life Insurance Co., 168 So.2d 564 (Fla. 1st DCA 1964); Section 627.428(1), Florida Statutes (1975).
Applying these principles to the instant case, it is clear that the insured's change of beneficiary form executed shortly prior to his death became effective as of the date it was executed upon New York Life's endorsement of the change on the policy. The policy specifically provides that upon notice by the insured of the change and the insurer's endorsement of the change on the policy, the change will relate back and take effect as of the date the insured signed the written notice of change "whether the Insured be living at the time of such indorsement or not... ." As such, the plaintiff Lena Shuster was the rightful beneficiary under the strict terms of the policy and was entitled to reasonable attorney's fees in bringing this action to enforce her claim against New York Life.
The third party defendant Grossman argues that the failure of the insured's attorney to mail the change of beneficiary form to New York Life prior to the insured's death defeats the effectiveness of the change under the strict terms of the policy. We cannot agree. Nowhere in the policy is there any provision that the notice of change of beneficiary must be mailed by the insured prior to his death in order to *65 effect such a change. No one disputes that New York Life received notice of the change of beneficiary on a form executed by the insured and that New York Life thereupon endorsed the change on the policy. By the strict terms of the policy, the change became effective upon the date of the execution of the change by the insured. The fact that the insured had died prior to the mailing of the notice pursuant to the insured's instructions, or the endorsement on the policy by New York Life, is of no significance under the strict terms of the policy.
New York Life seeks to avoid liability for the plaintiff's attorney's fees by pointing to the rival claimants as beneficiaries under the policy and insisting that its refusal to pay was a good faith refusal. We cannot agree. "The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear, will not operate to relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful beneficiary, nor will it be permitted to relieve that obligation... by resorting to interpleader on the theory that it may be put to vexatious suits by contesting claimants when, as in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking." Kurz v. New York Life Insurance Co., 168 So.2d 564, 568 (Fla. 1st DCA 1964).
New York Life further seeks to avoid liability for the attorney's fees by arguing that the plaintiff brought suit less than 60 days after she had filed a proof of claim under the policy with New York Life. It is true that Section 627.428(2), Florida Statutes (1975), provides that "[a]s to suits based on claims arising under life insurance policies ..., no such attorney fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of claim was duly filed with the insurer." The purpose of this statute is to allow the insurer a reasonable time not to exceed 60 days to investigate a claim by an insured or beneficiary under a life insurance contract prior to being subjected to suit for failure to pay on such claim. In the instant case, however, New York Life waived the 60 day grace period by refusing payment to the plaintiff within the 60 days allowed for a reasonable investigation. New York Life denies that it actually refused payment, but we do not so interpret its letter to the plaintiff. Consequently, New York Life cannot escape liability for the payment of attorney's fees required under Section 627.428(1), Florida Statutes (1975).
The judgment appealed from is reversed and the cause remanded with directions to enter judgment in favor of the appellant Lena Shuster for the full proceeds due under the policy and to award her a reasonable attorney's fee for bringing this action in the trial court.
Reversed and remanded.