BASKIN, Judge.
This is an appeal from an order granting summary judgment in favor of Roberta Di Petta, one of the claimants in an interpleader action brought by the insurance company seeking designation of the proper beneficiary. Based upon our review of the record disclosing that the decedent failed to comply with procedures of the insurance company required to effectuate a change of beneficiary, we affirm. It is a well-settled rule of law that a beneficiary under a life insurance policy may be changed only by strict compliance with the conditions set forth in the policy. Gerstel v. Arens, 143 Fla. 20, 196 So. 616 (1940); Warren v. Prudential Ins. Co. of America, 138 Fla. 443, 189 So. 412 (1939); Sheppard v. Crowley, 61 Fla. 735, 55 So. 841 (1911). We conclude that the decedent’s mere intent to change the beneficiary of the policy was legally insufficient absent an effective designation of beneficiary on the form required by the insurer. See Garner v. Bemis, 81 Fla. 60, 87 So. 426 (1921). Furthermore, we find no merit in appellant’s contention that because the insurance company filed an interpleader action, it waived its requirements for effectuating a change of beneficiary. Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966) is inapposite. In that case the court found that the decedent had made a lifetime gift of his insurance policy; because he was divested of the incidents of ownership, his subsequent attempt to change the beneficiary was ineffective, regardless of the terms of the policy. Here, however, the decedent retained ownership of the policy during his lifetime and was thus subject to “the provisions for change of beneficiary established by the contract ... [and] binding on the parties.” Id. at 480. The insurance company did not waive its binding contract provisions by filing an interpleader action.
Affirmed.