## FLORIDA CRIME PREVENTION COMMISSION v. CAFIERO, et al.

Case No. 83-42181

Eleventh Judicial Circuit, Dade County

April 4, 1984

### APPEARANCES OF COUNSEL

Gregory C. Picken for plaintiff.

Florence Beth Snyder for defendants.

### OPINION OF THE COURT

LEONARD RIVKIND, Circuit Judge.

THIS CAUSE came on for hearing on April 2, 1984 on Defendants' motion to dismiss the complaint with prejudice, or, alternatively, for summary judgment.

The Court has carefully considered the record in this cause including the affidavits of Carvel Cafiero and David Choate, submitted on behalf of the Defendants, as well as the affidavits of Gerald S. Arenberg dated November 15, 1983; and March 30, 1984; affidavit of Harvey Robbins dated March 25, 1984; and certain testimony taken from Carmel Cafiero in the case of *Gerald S. Arenberg v. Carmel Cafiero and Sunbeam Television Corporation,* (Case No. 83-9084) which has been pending in this division since March, 1983. The Court, having heard argument of counsel and being otherwise advised, it is hereby

ORDERED AND ADJUDGED

That the Defendants' motion for final summary judgment is GRANTED.

The plaintiff, a Florida non-profit corporation, seeks injunctive relief for claimed trespass, conversion, intrusive newsgathering and invasion of privacy. The complaint alleges that there is no adequate remedy at law because the acts complained of are continuing in nature and irreparably damage Plaintiff by unreasonably interfering with its business, to-wit: the leasing of office space on the property. Taking the evidence in light most favorable to the Plaintiff, the record is devoid of any evidence which would support these claims.

Injunctive relief is equitable in nature. *Plissner v. Goodall Rubber Co.,* 216 So.2d 228 (Fla. 3d DCA 1968). An injunction should not be granted where it is plainly apparent that a complaint is without equity. *Horvath v. Five Points National Bank,* 182 So.2d 22 (Fla. 3d DCA 1966) *cert. denied* 189 So.2d 639 (Fla. 1966).

Because the remedy is drastic,[1] it should be granted only sparingly and cautiously,[2] and not as an instrument of oppression and injury.[3]

Recent precedent opposes the extraordinary remedy of an injunction in instances such as this, where the complaint fails to set forth clearly, definitely and unequivocally sufficient allegations to warrant the intervention of a court of equity. *F. V. Investments v. Sicona Corp.,* 415 So.2d 755 (Fla. 3d DCA 1982).

Injunctions to restrain trespass will not lie unless the property trespassed against has some peculiar intrinsic value to the owner that cannot be compensated in money. *Odlin v. Woodruff,* 12 So.2d 227 (Fla. 1893). The moving party must also demonstrate irreparable injury and inadequate legal remedy. *Carney v. Hadley,* 14 So. 4 (Fla. 1893); *Indian River Steam-Boat Co. v. East Coast Transporting Co.,* 10 So. 480 (Fla. 1891); *Supreme Service Station Corp. v. Telecredit Services Center, Inc.,* 424 So.2d 844 (Fla. 3d DCA 1982).

The uncontradicted evidence before the Court demonstrated that none of these elements is present in this case. Accordingly, the entry of

---

[1] *Johnson v. Killian,* 27 So.2d 345 (Fla. 1946).

[2] *Stirling Music Co. v. Feilbach,* 100 So.2d 75 (Fla. 3d DCA 1958).

[3] *Clark v. Kreidt,* 199 So. 333 (Fla. 1940).

final summary judgment is appropriate.[4]

The Court reserves jurisdiction to consider evidence in support of Defendants' motion for attorneys' fees.

---

[4] See, e.g. *Sauls v. Freeman,* 4 So. 525 (Fla. 1888); *City Gas Co. v. Miller Gas Co.,* 137 So.2d 836 (Fla. 3d DCA 1962) (if no facts are alleged on which injunctive relief is granted, the complaint should be dismissed, without requiring the defendant to answer.)