650 So.2d 668 (1995)
Orestes A. MARTINEZ and Bertha M. Martinez, Appellants,
v.
Lilia M. SAEZ, f/k/a Lilia M. Martinez, Appellee.
Nos. 94-1918, 94-1512.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Rehearing Denied March 15, 1995.
*669 Alvarez, Armas & Borron and J. Alfredo Armas and Raul Delgado De Armas, Coral Gables, for appellants.
Sordo & De Ribeaux, and Cesar R. Sordo and Gustavo M. De Ribeaux, Coral Gables, for appellee.
Before NESBITT,[*] JORGENSON and COPE, JJ.
COPE, Judge.
Orestes and Bertha Martinez appeal an adverse partial summary judgment in an interpleader proceeding which resolved competing claims to a life insurance policy. We reverse.
In 1984 the decedent, Juan R. Martinez, obtained a life insurance policy from Lincoln National Life Insurance Company and designated his then-wife, appellee Lilia M. Martinez (now known as Lilia M. Saez) as beneficiary.
On May 3, 1993 the decedent and his wife were divorced. On July 28, 1993 the decedent executed and dated a change of beneficiary form for his life insurance policy. He designated his parents, Orestes and Bertha Martinez, to be the beneficiaries of the life insurance policy.[1] Decedent gave the executed form to his sister Ruth for mailing.
On August 7, 1993 decedent was killed in a car accident. The change of beneficiary form had not been mailed by Ruth. On September 8, 1993 the former wife submitted a claim for payment of the proceeds of the life insurance policy. On September 18, 1993 the parents sent the change of beneficiary form to the insurance company.
The insurance company commenced an interpleader action to adjudicate the competing claims to the insurance policy. The insurance company was dismissed from the action by stipulation of the parties, leaving the parents and the former wife as the claimants to the proceeds. The trial court entered partial summary judgment in favor of the former wife, and the parents have appealed.
"It is the established law of this state that the right of an insured to change the beneficiary of a life insurance policy depends on the terms of contract between the insurer and insured as expressed in the insurance policy... ." Shuster v. New York Life Ins. Co., 351 So.2d 62, 64 (Fla. 3d DCA 1977) (citations omitted), quashed in part on other grounds, 373 So.2d 916 (Fla. 1979).[2] We therefore examine the terms of the insurance policy.
The insurance policy contains a section entitled "Ownership, Beneficiary and Assignment." For reasons that will become clear momentarily, we quote the portion relating to "Change of Beneficiary" and the portion relating to "Assignment":
Change of Beneficiary. The Owner may change the Beneficiary designation:

*670 a. while the Insured is alive; and
b. if the prior designation does not prohibit such a change.
A change will revoke any prior designation.
Assignment. An assignment of this Policy will not be binding on us unless:
a. it is in writing; and
b. it is received by us at our Home Office.
We will not be responsible for the validity of any assignment. We reserve the right to require this Policy for endorsement of any assignment.
It should be noted that while the insurer has reserved the right to require an assignment to be accomplished by endorsement, there is no mention of any requirement for endorsement under the heading of "Change of Beneficiary."
The change of beneficiary form states, in part:

If a policy listed above requires endorsement of a change, I request that the policy(ies) be amended so that instead of the change being effective when the policy is endorsed, the change will be effective when a written request satisfactory to the Company is received at its Home Office.
(Emphasis added).
The former wife argues that this policy requires an endorsement in order for there to be a change of beneficiary. The former wife points out that the insurance policy allows the owner to change the beneficiary designation only while the insured is alive. Assuming that this policy is one for which a change of beneficiary could be accomplished only by endorsement, the change of beneficiary form makes the effective date the date that the change of beneficiary form was received at the Home Office. Since the date of receipt in the Home Office was after the decedent had died, the former wife reasons that the change of beneficiary form was ineffective and that she is the proper beneficiary under the insurance policy.
We disagree with the former wife because we find no requirement in this insurance policy that a change of beneficiary be accomplished by endorsement. The "Change of Beneficiary" segment of the policy has been quoted above. The word "endorsement" no-where appears therein. By contrast, in the segment on "Assignment," the necessity of an endorsement is explicitly discussed. In the absence of comparable language within the "Change of Beneficiary" segment, we conclude that there is no requirement in this insurance policy for a change of beneficiary designation to be accomplished by endorsement.
The former wife relies, however, on a different policy provision. Elsewhere, under the heading "The Contract," the policy states:
The entire contract consists of:
a. this Policy;
b. the application; and
c. any riders.
This Policy is issued in consideration of the application and payment of the initial premium.
A change in this policy will be binding on us only if:
a. the change is in writing; and
b. the change is made by our President, Vice President, Secretary or Assistant Secretary.
The former wife argues that a change of beneficiary is a change in the policy. Since a change in the policy requires a writing issued by the company and signed by an officer, the former wife contends that this means an endorsement. Since no such writing was issued by the insurer while the decedent was alive, the former wife reasons that there was never an effective change of beneficiary and that she is entitled to the insurance proceeds.
Again, we disagree. The insurance policy in this case draws a distinction between the contract, and the insurance policy. The contract consists of three different elements: the policy, the insurance application, and any riders to the insurance policy. The insured named the original beneficiary in the insurance application. The beneficiary is not named in the insurance policy. The requirement for a writing signed by an officer is applicable where there is a change in the insurance policy. This language has no operation *671 where, as here, the insured desires to change the beneficiary, because the beneficiary is designated in the application, not the policy.
The remaining question is whether it makes a difference that the change of beneficiary form was not sent to the insurance company until after the insured had died. It does not. This court held in Shuster that if the insured has complied with the terms of the policy, the fact that the form was not transmitted until after the insured's death will not defeat the beneficiary change. 351 So.2d at 65. Here, the policy allows the insured to change the beneficiary designation while the insured is alive. The insured did so, by executing and dating the change of beneficiary form before a witness. The change of beneficiary was the logical out-growth of the divorce of the insured and the former wife. No suggestion of fraud has been made.
In our view the change of beneficiary designation was complete at the time the insured executed and dated the change of beneficiary form. Consequently, we reverse the summary judgment in favor of the former wife and remand with directions to enter judgment in favor of the appellant parents.
Reversed and remanded.
NOTES
[*] Judge Nesbitt participated in the decision, but did not hear oral argument.
[1] The decedent's children were designated contingent beneficiaries.
[2] This court's decision in Shuster goes on to say that "strict compliance with the terms of the policy is required in order to effect such change." 351 So.2d at 64 (citations omitted); see also Brown v. Di Petta, 448 So.2d 561 (Fla. 3d DCA 1984). The rule of strict compliance is subject to the qualification that:

[a] provision providing for change of beneficiary in such [life insurance] policy is always within [the insurer's] control, when made so by contract; to be strictly enforced by it for its own protection, or not, at its own election. Such provision is one solely for the protection of the company, which it may waive if it elects to do so, just as it may waive any other provision of the contract made for its personal benefit.
Miller v. Gulf Life Ins. Co., 152 Fla. 221, 227, 12 So.2d 127, 130 (1943) (opinion on rehearing; citations omitted).