TOM PICKETT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

### Opinion Filed October 29, 1914.

1. Where some of the charges given by the trial court do not entirely accord with the evidence, but other full and proper charges were given, the judgment will not be reversed when no substantial rights could reasonably have been injuriously affected thereby.

2. The evidence sustains the verdict and no errors of law appear in the record.

Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*A. G. Hartridge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant for the State.

WHITFIELD, *J.*—Tom Pickett and Loren Pickett were jointly indicted for the murder of Frank Goodwin. A severance was gratned. Tom Pickett was convicted of murder in the second degree and took writ of error. The contentions here are that the trial court erred in admitting stated testimony, in giving and in refusing to give designated charges and in denying a motion for new trial, one ground of the motion being that the verdict is contrary to the evidence.

Under the laws of this State a judgment should not be

Pickett v. State—Opinion of Court.

reversed or new trial granted in any case, civil or criminal, for errors in giving or in refusing to give charges to the jury, or for errors in admitting or rejecting testimony, or for other errors of procedure, unless it shall appear to the court from a consideration of the entire cause, that the error has injuriously affected substantial rights of the complaining party. Chancey v. State, decided at this term. Some of the charges given by the court with reference to the law of self defense are not strictly applicable to the facts in evidence, but other charges on the subject do accord with the evidence and the alleged errors could not reasonably have done the accused any harm, particularly in view of his own testimony. Some of the charges relative to murder in the first degree do not entirely accord with the evidence, but other full and proper charges do, and as the conviction is for murder in the second degree the alleged errors are immaterial.

The accused parties are brothers who were near together at a previous controversy on the same day between the deceased and Loren Pickett and it was not error to admit testimony that at such previous meeting Loren said to the deceased "I (or we) will get you when I (or we) get on the other side of the river." Tom was near enough to hear this remark of Loren, and was with Loren on the other side of the river when the homicide occured. The jury was legally warranted in finding a verdict of murder in the second degree on the testimony of the defendant and other witnesses, rather than an acquittal on the ground of justifiable homicide as claimed by the plaintiff in error on the theory that he shot the deceased in defending his brother with whom the deceased was at the time having a second difficulty.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent. by reason of illness in his family.