KATHERINE GREER GARNER, *Plaintiff in Error*, v. HARRIETT KRAEER BEMIS, FORMERLY HARRIETT KRAEER GARNER, *Defendant in Error.*

Opinion Filed January 20, 1921.

Petition for Rehearing Denied March 15, 1921.

1. Where a life insurance policy is claimed as a gift without assignment to one not the beneficiary designated therein, proof of the actual or constructive delivery of the policy with intent to pass the title irrevocably, must be clear and convincing. A sufficient delivery or a complete and absolute surrender of all legal power and dominion over the policy, with an intent on the part of the donor to part absolutely with the title, must be affirmatively shown by evidence.

2. Where the insured has a right to change the beneficiary in a policy on his life, and expresses an intent to make such change, but in fact does not do so, the intent alone is ineffectual. Merely expressing an intent to change the beneficiary and notifying the insurer of such intent is insufficient. Where the policy is not assigned to or duly delivered or surrendered as a gift, the title thereto remains in the assured.

3. In the case of an alleged gift from husband to wife, there must be clear and convincing evidence of a delivery of the property by the husband with the intention of divesting himself of all dominion and control of it and of vesting it in the wife, and the evidence of the circumstances of a gift of an unindorsed chose in action should be full, clear and convincing. When the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*George M. Powell,* for Plaintiff in Error;

*W. M. Toomer* and *Stanton Walker,* for Defendant in Error.

WHITFIELD, J.—The verdict and judgment herein were rendered upon the following count of the declaration: "And for a ninth count plaintiff sues defendant for the sum of $10,000.00 for money due and payable by the defendant to the plaintiff for money received by the defendant for the use of the plaintiff."

## "BILL OF PARTICULARS.

Proceeds of policy of insurance in Massachu-
  setts Mutual Life Insurance Company, due
  Harriett Kraeer Garner and collected by
  Katherine Greer Garner....................$ 2,500.00
Proceeds of policy of insurance in The Mutual
  Life Insurance Company of New York, due
  Harriett Kraeer Garner and collected by
  Katherine Greer Garner....................$ 2,500.00

    Total ...............................$ 5,000.00

Together with interest thereon from date of collection."

Trial was had on pleas of (1) "never was indebted as alleged," and (2) "that the said supposed cause of action, and each of them, in said counts mentioned, as shown by the bill of particulars attached to said declara-

tion are for the proceeds of certain policies of life insur-
ance policies in which said policies, and each of them, this
defendant was named as beneficiary, and which said pro-
ceeds of said policies of insurance were collected by this
defendant as such beneficiary and not otherwise.".

Writ of error was taken to a judgment for plaintiff.

It appears that C. E. Garner, Jr., owned two life in-
surance policies in which his mother was the beneficiary;
that after his marriage he notified the agents of the in-
surance companies by letters that he desired to change
the beneficiary in the policies from his mother to his wife;
that he was requested by the agents to forward the poli-
cies so the change of beneficiary could be made as he de-
sired; that he did not forward the policies to have the
beneficiary changed. that the insured went with his wife
to the bank vault where the policies were and unfolded
the policies and showed them to his wife and told her the
policies were to go to her; that she verbally accepted
them, but the husband kept them in his custody; that he
told another person he had made application for the pol-
icies to be transferred to his wife; that he told his mother
that he had had the policies turned over to his wife; that
the policies were found among the decedent's papers and
the amounts of the policies were collected by the mother's
agent for her as the designated beneficiary.

The defendant in error, widow of C. E. Garner, Jr.,
married again.

It does not appear that the policies were delivered to
the wife or that they came into her custody or possession.
No doubt the insured intended to make his wife the bene-
ficiary of the policies, but he did not effectuate such in-
tent. It does not appear that an intent to make a gift

of the policies was accompanied by any actual or constructive delivery, or that the beneficiary of the policies was changed from the mother to the wife, or that an assignment of the policies was made to the wife. Nor does it appear that the insured retained custody and possession of the policies as the agent of his wife, or in any way surrendered his legal power and dominion over or title to the policies of insurance. The burden of proof was upon the plaintiff.

Where a life insurance policy is claimed as a gift without assignment to one not the beneficiary designated therein, proof of the actual or constructive delivery of the policy with intent to pass the title irrevocably must be clear and convincing. A sufficient delivery or a complete and absolute surrender of all legal power and dominion over the policy, with an intent on the part of the donor to part absolutely with the title, must be affirmatively shown by evidence. Where the insured has a right to change the beneficiary in a policy on his life, and expresses an intent to make such change, but in fact does not do so, the intent alone is ineffectual. Merely expressing an intent to change the beneficiary and notifying the insurer of such intent is insufficient. Where the policy is not assigned to or duly delivered or surrendered as a gift, the title thereto remains in the assured.

In the case of an alleged gift from husband to wife, there must be clear and convincing evidence of a delivery of the property by the husband with the intention of divesting himself of all dominion and control of it and of vesting it in the wife, and the evidence of the circumstances of a gift of an unindorsed chose in action should be full, clear and convincing. When the claim of a gift is not asserted until after the death of the alleged donor,

it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift. 12 R. C. L. 973; 12 R. C. L. 932.

In this case the policy was not assigned to the plaintiff below and it was not actually or constructively delivered to her; nor did the insured part absolutely with the title thereto or surrender all legal power and dominion over the policy. The policy was payable to the mother of the insured, not to his estate or to his representatives.

There was no gift *causa mortis* and a completed gift *inter vivos* is not clearly shown. Even if the policy passed to the wife as a gift, she took only the right the husband had, and she did not change the beneficiary. See 112 Wis. 587; Ann. Cas. 1912B 1142; 61 Fla. 735.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent.