RUBY HOLMES CARTER, *Plaintiff in Error*, v. PETER B. BRADLEY, AS ADMINISTRATOR OF THE ESTATE OF FREDERICK G. BRADLEY, DECEASED, *Defendant in Error*.

### Division A.

### Opinion Filed November 6, 1925.

1. In an action against the administrator of a deceased person's estate for damages for the conversion of personal property by the deceased in his lifetime the plea of not guilty operates as a denial of the wrong alleged by taking, damaging or converting the plaintiff's property and the burden of proof is upon the plaintiff.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*Axtell & Rinehart*, for Plaintiff in Error;

*Giles J. Patterson*, for Defendant in Error.

ELLIS, J.—This is an action by the plaintiff in error against the administrator of the estate of Frederick G. Bradley for damages for the conversion by Bradley in his lifetime of two diamond rings belonging to the plaintiff.

The rings were deposited by the plaintiff with Bradley as security for the payment of a note for six thousand dollars made by the plaintiff in favor of Bradley, dated April 27, 1917, and payable twelve months after date. During the first half of the year 1919 the note was paid. Bradley died in July, 1920, and had the rings in his possession several months before he died.

There is no evidence to show that Bradley never restored

the rings to the plaintiff, or that he otherwise converted them.

The plea of not guilty, which was interposed by the defendant, operated as a denial of the commission of the wrong alleged by taking, damaging or converting the property mentioned in the declaration. See Rule 75 Circuit Courts, Law Actions. The burden was upon the plaintiff to show the conversion of the rings by Bradley.

The defendant moved for an instructed verdict in his behalf. The motion was granted and the plaintiff took a nonsuit and writ of error.

Affirmed.

WEST, C. J., AND TERRELL, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.