CATHERINE REID SHANNAHAN v. BERNICE S. SHANNAHAN

173 So. 902.
Division A.
Opinion Filed April 19, 1937.

*Ralph C. Binford* and *Joseph L. Wolf,* for Appellant; *Henderson & Franklin,* for Appellee.

TERRELL, J.—In May, 1920, Eugene Henry Shannahan bought a policy of life insurance with the Pacific Mutual Life Insurance Company of California. His wife at that time, Bernice S. Shannahan, was named as beneficiary. In February, 1935, the insured died, but during the interim, he had been divorced from Bernice S. Shannahan and had been married to Catherine Reid Shannahan. At numerous times before his death, he requested the Pacific Mutual Life Insurance Company to change the name of the beneficiary in the policy to Catherine Reid Shannahan but, as required by the policy, he did not deliver it for that purpose, so no change had been made in beneficiaries when he died.

On the death of the insured, Bernice S. Shannahan and Catherine Reid Shannahan both claimed the proceeds of

the policy. Pacific Mutual Life Insurance Company admitted its liability on it, paid the proceeds thereof into the registry of the Court and instituted this suit by bill of interpleader against the claimants praying that they be required to interplead and that their right to the proceeds of the policy be adjudicated and that complainant be discharged from further liability in respect to the claim.

Both defendants waived their right to answer and consented that a decree of interpleader be entered which was done. Each defendant filed her claim to the proceeds of the policy, and decreed accordingly. This appeal is from that decree.

Appellant, Catherine Reid Shannahan, contends that the decree of the Chancellor should be reversed because the right to change beneficiaries was reserved in the policy, that the insured made repeated attempts to change the beneficiary but was prevented from doing so by appellee Bernice S. Shannahan who was in possession of the policy and refused to surrender it for that purpose.

To offset this contention, appellee contends that Eugene Henry Shannahan made a straight gift of the policy to her before they were divorced, that the policy was actually delivered to and held by her at the time of the death of the insured who knew at all times that it was in her possession, and that she out of her own earnings kept the premiums paid and in effect for several years after it was delivered to her.

The pleading put the question of ownership of the policy squarely in issue and while the evidence is in immaterial respects conflicting, there is ample substantial evidence to sustain the finding of the Chancellor. It is shown without contradiction that Eugene Henry Shannahan took out the policy in 1920 for the protection of his wife, the appellee

here, and two small children, that he paid the premiums through 1924, that in 1925, he was confined in a hospital in Fort Myers and was nursed by Catherine Reid Shannahan, that he soon after determined to abandon his wife and children but before doing so he gave her the policy and told her that he was through paying on it, that she could do what she pleased with it and that he did not care what became of her or the children. He later married Catherine Reid Shannahan and died in 1935.

Bernice S. Shannahan kept the policy in force for several years after it was given to her with her own earnings, openly resisted all effort on the part of Shannahan to recover it, always contended that the policy was hers and consistently supported her right to retain possession of it. The record reveals nothing to show an inconsistent position on her part, while as to Shannahan, it is shown that he repeatedly took different and inconsistent positions for the purpose of recovering the policy.

The authorities generally sustain the doctrine that a life insurance policy may be the subject of a parole gift. Garner v. Bemis, 81 Fla. 60, 87 So. 426; McDonald v. McDonald, 215 Ala. 179, 110 So. 291; 12 R. C. L. 943; 37 C. J. 429.

By the issues and the facts proven, the Chancellor could have in right and justice reached no other conclusion than to award the proceeds of the policy to the appellee; so his judgment must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.