W. Gerry Miller, as Administrator of Estate of Gilbert John Higgins, Deceased, v. Gulf Life Insurance Company, a Corporation, and Edrie V. Strickland, Unmarried.

3 So. (2nd) 519
Division A
Opinion Filed July 22, 1941

*J. A. Fitzsimmons,* for Petitioner;

*William H. Jeter, Baxter & Berryhill,* for Respondent Gulf Life Insurance Company and *Farrington & Farrington,* for Respondent Edrie V. Strickland.

BUFORD, J.—Petitioner applies for certiorari to review two interlocutory orders.

The record shows that during his lifetime Gilbert John Higgins procured an insurance policy to be issued by Gulf Life Insurance Company in the sum of $1,000 in case of death of Higgins by natural causes, and double indemnity or $2,000 if his death should be caused "solely by external, violent and accidental means." The policy was payable to the estate of the insured.

W. Gerry Miller was duly appointed and qualified as Administrator of the Estate of Gilbert John Higgins. Edrie V. Strickland made demand on the insurance company for the payment of the policy to her, basing her claim therefor on the alleged gift of the policy to her by the insured during his lifetime. Miller made demand on the insurance company for payment of the amount due under the policy to him as administrator of the estate. The insurance company admitted liability under the double indemnity clause of the policy and filed a bill for interpleader in the Circuit Court of Broward County and made Miller and Strickland de-

fendants. The court on hearing on motion to dismiss the bill of complaint, held the bill sufficient to invoke interpleader and denied the motion to dismiss, and further adjudged and decreed plaintiff to be entitled to decree of interpleader; that the plaintiff was without substantial, direct or other interest in the result of the controversy between the defendants of the funds sought to be interpleaded; that the plaintiff was entitled to reasonable attorney's fees fixed in the sum of $150.00 and allowed to be paid out of the fund interpleaded and to be reimbursed for the costs of the suit to that date fixed at $15.95.

The order required the defendants to interplead and litigate as to their respective rights to the fund required to be deposited in the registry of the court.

Thereafter, petition for rehearing was filed and denied, the chancellor entering his order, which is the second order now complained of, which, *inter alia,* is as follows:

"It Is Further Ordered and Decreed that the decree entered in this cause on February 27, 1941, be modified by adding thereto the provisions in words and figures as follows:

" 'It Is Further Ordered, Adjudged and Decreed that the defendant W. Gerry Miller, as Administrator of the Estate of Gilbert John Higgins, deceased, his agents and attorneys, be, and they are hereby, jointly and severally permanently restrained and enjoined from proceeding against the Gulf Life Insurance Company, a corporation existing under the laws of the State of Florida, in that certain action at law instituted in the Circuit Court in and for Broward County, Florida, against said Gulf Life Insurance Company, and now pending therein, being case No. 3771 of said

court, and that the defendants W. Gerry Miller, as administrator of the Estate of Gilbert John Higgins, deceased, and Edrie V. Strickland unmarried, and each of them, their agents and attorneys respectively be, and they are hereby jointly and severally permanently restrained and enjoined from instituting, prosecuting or maintaining any action or suit at law, or otherwise, against the said plaintiff upon said policy of insurance numbered 401001102, dated February 15, 1940, issued by the said Gulf Life Insurance Company on the life of said Gilbert John Higgins, which said policy is the subject matter of the above cause, and that a writ of injunction do forthwith issue against the said defendants, their agents and attorneys, permanently enjoining and restraining them, and each of them, as aforesaid.''

The allegations of the bill of complaint are sufficient to show that the insurance company admits liability and is ready to pay over the amount due under the policy upon judicial determination of the rightful claimant. The bill shows that one party claims by virtue of a gift of the policy coupled with delivery. The defendant Miller, as stated above, claims as executor of the estate. The Life Insurance Company was in position where it could not pay either without the possibility of being held liable to the other. See Shannahan v. Shannahan, 127 Fla. 718, 173 Sou. 902, and also Atwell v. Western Fire Ins. Co. of Fort Scott, Kansas, 120 Fla. 694, 16 Sou. 27; Mutual Life Ins. Co. of New York v. Manassee, 68 Fla. 120, 66 Sou. 727.

The allegations of the bill being sufficient to make a case for interpleader, we next consider the question as to whether or not the injunctive order heretofore mentioned wherein the defendant Miller was enjoined

from prosecuting an independent suit against the insurance company was erroneous. This question has been settled by this Court contrary to the contentions of the petitioner in the case of Brown, *et al.*, v. Marsh, 98 Fla. 253, 123 Sou. 762. The very purpose of a suit in interpleader is to prevent the prosecution of other suits against the complainant in interpleader and to require those claiming the fund in the hands of the interpleader to litigate their differences between themselves.

The petitioner also contends that the court erred in allowing the complainant in interpleader reasonable attorney's fees. We think that the facts in this case bring it clearly within the purview of McKinnon, *et al.*, v. Reliance Ins. Co., 113 Fla. 370, 151 Sou. 699, and that the court below in allowing the attorney's fees followed our conclusions in that case.

The order dismissing the complainant in the bill for interpleader was a final decree insofar as the insurance company was concerned but the case proceeds as an independent action between the defendants. Therefore, as to the defendants, the order is interlocutory.

No reversible error being disclosed by the record, certiorari is denied.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.