**W. GERRY MILLER, as Administrator of the Estate of Gilbert John Higgins, deceased, v. GULF LIFE INSURANCE COMPANY, a corporation, EDRIE V. STRICKLAND, unmarried, and JACKIE SROLOVITZ, a minor.**

12 So. (2nd) 127                                                    June Term, 1942
October 2, 1942                                                      Division B
Rehearing granted December 1, 1942      On Rehearing February 16, 1943
Rehearing denied March 11, 1943

222

*J. A. Fitzsimmons,* for appellant.

*C. E. Farrington,* and *Otis Farrington,* for appellee.

TERRELL, J.:

A complete statement of the facts in this case may be found in Miller v. Gulf Life Insurance Co., et al., in 148 Fla. 1, 3 So. (2nd) 519. On the going down of the mandate therein, the case was tried and judgment was entered in favor of Appellee Edrie V. Strickland. This appeal is from the latter decree.

The controversy is over the proceeds of a certain life insurance policy of Gilbert John Higgins and turns on the proposition of whether or not the insured changed the bene-

ficiary therein before his death in compliance with the terms of the policy as follows:

"If there be no written assignment of this policy on file with the Company, the Insured may while this policy is in force, designate a new Beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this policy for suitable endorsement. No such change shall take effect until the Company shall have acknowledged receipt of such notice by endorsement thereon."

Appellant is the duly appointed administrator of the estate of Gilbert John Higgins and sues as such in behalf of Lucille Higgins, a sister and sole surviving heir. Edrie V. Strickland was the fiancee of Gilbert John Higgins. The policy was made to the estate of the insured.

It is shown that no written assignment of the policy was made to Edrie V. Strickland but she contends that there was a gift of the policy to her and that she was made the beneficiary as provided in the policy. The evidence shows an intent to make Edrie V. Strickland the beneficiary and this with the purported gift were the considerations that induced the chancellor to decree in her favor.

To support the contended change of beneficiary, two letters are relied on, the first dated February 29, 1940, and addressed to Gilbert John Higgins, signed by Clifford Wilson, an agent of Gulf Life Insurance Company as follows:

"Mr. Gilbert John Higgins
Hollywood Fire Department
Hollywood, Florida
Dear Mr. Higgins:

Relative to our conversation concerning beneficiary change of your contract from Estate to present fiancee, Edrie Strickland, I would suggest that you write a letter to me as representative of the Gulf Life Insurance Company to the effect that it is your intention in the event of your death to make Miss Strickland beneficiary rather than Estate.

We can hold this letter in our files pending any changes you may wish to make from time to time in the future.

Sincerely yours,

Clifford Wilson"

The letter of Gilbert John Higgins, the insured, in response to the foregoing is as follows:

"Mr. Clifford Wilson,
Gulf Life Insurance Company,
Lowry-Miami Agency,
Miami, Florida
Dear Sir:
This is to advise that in the event of my death I want my fiancee, Edrie V. Strickland, as the beneficiary of my policy No. 401 001 012.     Sincerely yours,
Gilbert John Higgins"

These letters do not meet the requirement of the policy as here quoted for a change of beneficiary. Their contents show that they were not intended to be transmitted to the main office of the insurer, the policy was not sent in for endorsement of the company, nor was the company ever apprised of the intended change. The letter of Clifford Wilson shows by its very terms that it was not intended to make any change at the time and a gift of the policy could not be otherwise accomplished.

This court is committed to a strict interpretation of policy requirements for change in beneficiaries in life insurance policies of this kind. Sheppard v. Crawley, 61 Fla. 735, 55 So. 841; Warren v. Prudential Insurance Company of America, 138 Fla. 443, 189 So. 412.

We do not mean to be critical but we cannot refrain from calling counsel's attention to the fact that this would have been an ideal case for a stipulated record under Rule Eleven. By so doing, at least seventy-five per cent of the record here need not have been brought up.

The decree appealed from must be and is hereby reversed on authority of the latter cases.

Reversed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.

ON REHEARING GRANTED

*J. A. Fitzsimmons,* for appellant.

*C. E. Farrington* and *Otis Farrington, LeRoy Collins* and *Ausley, Collins* and *Ausley,* for appellees.

SEBRING, J.:

This case is now before the court on a rehearing.

From the record, it appears that Gilbert John Higgins, a single man, died intestate, leaving a policy of life insurance payable to his estate. Soon after its issuance, he made a parole gift of the policy to his fiancee, Edrie V. Strickland. She accepted delivery of the policy, reimbursed assured for premiums paid thereafter, and retained the policy in her exclusive possession until the time of his death.

By the terms of the policy the insured was given the right, without the consent of the beneficiary, "to receive every benefit, exercise every right and enjoy every privilege" conferred by the policy. It was expressly declared that the beneficiary should have no vested interest in the policy until after the death of the insured and the policy became a claim.

The policy also provided:

"If there be no written assignment of this policy on file with the Company, the Insured may while this policy is in force, designate a new Beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this policy for suitable endorsement. No such change shall take effect until after the Company shall have acknowledged receipt of such notice by endorsement thereon."

No written assignment of the policy was ever made to Edrie V. Strickland; nor was written notice designating her as beneficiary ever filed at the home office of the company, or endorsed on the policy.

Upon the death of assured, Edrie V. Strickland made claim to the proceeds, as owner of the policy. W. Gerry Miller made claim to the proceeds, as administrator of the estate of assured. The insurance company being in doubt as to whom payment should be made, filed its bill of interpleader and was allowed to bring the fund into court to await the determination of ownership. See Miller as Administrator v. Gulf Life Insurance Company, et al., 148 Fla. 1, 3 So. (2nd) 519.

The lower court found that Edrie V. Strickland was entitled to the fund. The administrator appealed from the

decree. The case is now before this Court on the rights of the claimants to the fund, as between themselves.

All of the essential elements of a completed valid parole gift of the life insurance policy to Edrie V. Strickland are present. Garner v. Bemis, 81 Fla. 60, 87 So. 426; Shannahan v. Shannahan, 127 Fla. 718, 173 So. 902. As fiancee of Gilbert John Higgins, Edrie V. Strickland had an insurable interest in the life of assured. 29 Am. Jur. 321; Harden v. Harden, 191 Ky. 331, 230 S. W. 307, 17 A.L.R. 580; 2 Couch on Insurance 1058; 1 Cooleys Briefs on Insurance, (2nd) Ed. 390, 391.

The prime or controlling question, therefore, is whether, a life insurance policy payable to estate having passed as a valid parole gift inter vivos, the donee is entitled to the proceeds as against the administrator, where no change of beneficiary has ever been effected in accordance with the terms of the policy.

The administrator contends that in the absence of such a change, made in accordance with the strict terms of the policy, the proceeds become vested in the estate upon the death of assured. He grounds his contention upon what he conceives to be the applicability of the cases of Sheppard v. Crowley, 61 Fla. 735, 55 So. 841, and Warren v. Prudential Life Insurance Company of America, 138 Fla. 443, 189 So. 412, to the case at bar.

The principles laid down in those cases would be controlling here, no doubt, if the facts in the present case were not sufficient to support the gift. But those cases turn on the question of attempted change of beneficiary not made in strict accordance with policy requirements; while this case turns upon the law applicable to a parole gift of a life insurance policy to one having an insurable interest, and rests upon an entirely different ground.

There is a clear distinction between the right of a policy holder to make a parole gift of a life insurance policy on his own life and in his possession and control; and the right of such policy holder to exercise the privilege of making change of beneficiary, secured to him by the terms of the policy. In the absence of an express provision in such policy, creating vested rights in the beneficiary, the right of the assured

to pass title thereto by gift is a legal right flowing out of the incidents of ownership; to be exercised by him in the same manner that he may exercise that right in regard to any other chose in action. 6 Couch on Insurance 5269 et seq.; 2 Cooley's Briefs on Insurance, 2nd Ed. 1817, 1827; 24 Am. Jur. 766; Travelers Ins. Co. v. Grant, 54 N. J. Eq. 208, 33 A. 1060; Annotation; 47 A.L.R. 738. The privilege given to the assured to change the beneficiary of his policy is in the nature of a power created by his contract with the company, to be exercised by him only in strict accordance with the terms of the instrument creating it. Opitz v. Karel, 118 Wis. 527, 95 N. W. 948, 62 LR.A. 982, 99 Am. St. Rep. 1004.

The right of the lawful owner to pass title to such policy by gift is not within the control of the company, and is something about which it may exercise no concern absent a stipulation in the policy prohibiting it. A provision providing for change of beneficiary in such policy is always within its control, when made so by contract; to be strictly enforced by it for its own protection, or not, at its own election. 2 Couch on Insurance 867, 897; 7 Cooley's Briefs on Insurance, 2nd Ed. 6438, 6461. Such a provision is one solely for the protection of the company, which it may waive if it elects to do so, Opitz v. Karel, supra, just as it may waive any other provision of the contract made for its personal benefit.

Upon a valid gift of such policy having been made, absolute title and ownership vests in the donee; and thereafter the donor has no power or control over it. A beneficiary has no such present interest in the policy. His is only an inchoate right to the proceeds, subject to be divested at any time during the lifetime of assured, by transfer, assignment, or change of beneficiary.

Such are some of the distinctions made in the cases between the right of such policy holder to make a parole gift of the policy and the privilege accorded him to effect change of beneficiary.

From what has been stated, it is apparent that no vested rights have accrued to the estate of assured, either by reason of the policy under consideration having been made payable to the estate, or by reason of the failure to effect change of

beneficiary. It is clear, therefore, that when the gift of the policy was consummated, not only did Edrie V. Strickland acquire title to the policy, but she became entitled to the proceeds of the policy at the death of the assured as well. 7 Cooley's Briefs on Insurance, 2nd Ed. 6517; 6 Couch on Insurance 5262.

The former judgment of reversal should be vacated, and the decree of the lower court should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN, THOMAS and ADAMS, JJ., concur.

TERRELL and CHAPMAN, JJ., dissent.