This cause reaches us on appeal from a decree declaring appellee, Administrator c.t.a.d.b.n. of the Estate of Dick Willard Paul, deceased, to be entitled to the contents of a certain safety deposit box in the city of St. Petersburg, Florida, as against Ruth L. Lowry, appellant, who claims the contents as donee of an inter vivos gift from the decedent.
In the fall of 1936, appellant became acquainted with the decedent, an elderly man in his sixties, and in the course of a few months a close friendship developed. Appellant, a widow at the time, had a young daughter who was in ill health and the two became the objects of decedent's kindly affection and benefaction. He was *Page 369 
a frequent visitor at the home of appellant and her mother, who resided with her in St. Petersburg.
Late in 1937 the decedent made known to appellant's mother a desire "to do something" for appellant. The mother asked him not to put her daughter in his will "or anything that would cause embarrassment." The decedent replied that "he thought he could work something out." Some time thereafter decedent handed to appellant an envelope containing a number of coupon bonds, and together they proceeded to The First National Bank, where appellant rented a safety deposit box and placed the envelope therein. The envelope bore on the outside the writing "property of Ruth W. Stevens," which was appellant's name at that time. Mr. Paul, the decedent was deputized to enter the deposit box and both parties had a key to it. The box remained in appellant's name from that time continuously to the date of Mr. Paul's death. Appellant testified that sometimes she would pay the rental and at other times the decedent would pay it.
Appellant testified that from the date when she placed the envelope in the safety deposit box until shortly after Mr. Paul's death in 1944 she did not at any time enter the box. When, after the latter event, she opened the box, there were three envelopes therein; one being the envelope that she had placed in the box some years before and the other two being sealed and addressed, with notes clipped thereto, instructing her to send them to the addressees by registered mail. Although we are not here concerned with these two envelopes, the record shows that they contained valuables that the decedent desired the addressees to have after his death. The writing on the original envelope had been amended to read "property of Ruth W. Stevens Lowry" to conform with appellant's change in name following her marriage in December, 1938. To the outside of the envelope was clipped a note reading: "Ruth — don't let anyone talk you into investing this — too easy to lose, or cannot get to it when needed. Better still, don't let anyone know about it. Put it in federal building companies or better still in post-office."
Upon examination and inventory of the bonds it was found that the interest coupons due after the date of Mr. Paul's death had been clipped. Whether before or after delivery is not disclosed by the record.
The foregoing facts are taken largely from the testimony of Mrs. Lowry and her mother, Mrs. Newman, the only witnesses at the trial.
The Chancellor who presided at the hearing was of the opinion that the testimony, especially that of Mrs. Newman, disclosed an intention on the part of the decedent to make a gift, but that such intention was not to make delivery effective as of the time when he handed the bonds to Mrs. Lowry, but rather, that delivery was to take effect at the time of his death. Accordingly, he entered a decree in favor of plaintiff administrator.
The Chancellor, in arriving at his decision, placed considerable weight on the fact that appellant did not enter the safety deposit box for a period of some seven years, but that during this period the decedent not only entered the box frequently but clipped the interest coupons. Doubtless it was these factors which led the Chancellor to the conclusion that it was the decedent's intent that the gift take effect at his death, and not before.
In limine we reiterate two rules heretofore enunciated by this Court, and of general acceptance, viz: "The burden of proof is on one claiming to be the donee of property to establish all facts essential to the validity of the gift." Stigletts v. McDonald,135 Fla. 385, 186 So. 233, 238. "When the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift." Garner v. Bemis,81 Fla. 60, 87 So. 426, 428. Keeping these rules in mind we pass to the law of the case.
Fundamentally there are but two requisites to a valid gift inter vivos (assuming *Page 370 
proper parties and property subject to gift): (1) the intent to make a gift, and (2) the delivery of the property with that intent. Jones v. Ferguson, 150 Fla. 313, 7 So.2d 464.
So there must occur simultaneously the intent to make a gift of the property and the delivery thereof to the donee. If the intent be present but no delivery is affected, there is no gift, and conversely, if delivery of property is made without the intent to make a present gift thereof, manifestly there is no gift.
Whether a given transaction constitutes a gift inter vivos is, of course, a question of law. But the determination of this question must rest on the facts and circumstances surrounding the transaction, the acts and statements of the parties and the reasonable inferences to be drawn therefrom.
Section 91. Effect of Donor's Access to Bill or Note after Delivery. — "A gift of securities may be sustained where, after the delivery they are placed in a safe to which both the donor and donee have access, and, also, where they are delivered to the donee, the donor executing the necessary assignment in writing, although they are placed by the donee in a safe-deposit box rented by him, and to which the donor has access by the authority of the donee." 24 Am.Jur. 776 — Gifts — Sec. 91.
In the case at bar the fact of delivery rests upon the testimony of the appellant and her mother and the fact that the bonds were deposited in a lock box standing in the name of appellant, to which she had a key; that the decedent was deputized to enter the box, and the evidence shows that for some seven years he was the only person who did, and other facts and circumstances.
The Chancellor was impressed with the frankness and sincerity of the witness and he seems to have accepted the fact of delivery as proven, holding merely that the physical delivery made was not intended to be effective until the death of the donor and was, therefore, of no effect.
It appears from the facts and circumstances that appellant's title to the bonds was established.
The decree appealed is reversed.
ADAMS, C.J., and TERRELL, J., concurs.
HOBSON, J., concurs specially.