ROBERTS, Justice
(dissenting).
The original plaintiff, Provident Life & Accident Insurance Company, filed its complaint in interpleader asserting that it held $8,000.00 payable as benefits upon the life of the deceased, James Mathew Dixon, that Ralph Dixon claimed the benefits as named beneficiary under the plaintiff’s policy; that Sylvia Dixon claimed benefits on behalf of her son, James Dixon, Jr. pursuant to a court order in a divorce proceeding, requiring the decedent to maintain insurance for his minor son; and that the company was wholly indifferent as between the defendants and not sure as to the legal owner of the money. Thereafter, by court order the money was placed in the court registry until the rights of the parties in interest could be determined.
The claim of the petitioner, Ralph Dixon, to the proceeds of the policy is based on his designation as beneficiary of the existing policy. He contends that he was informed by the decedent that he was named beneficiary for the purpose of making an equal distribution of the policy proceeds among decedent’s three children, the two daughters of a prior marriage and the son of the dissolved marriage to Sylvia Dixon. His claim is as trustee for these children.
The claim of the respondent, Sylvia Dixon, as guardian of James M. Dixon, Jr., contends that she was designated beneficiary of insurance contracts during her marriage to James Dixon, the deceased, and that, although Provident Life & Accident Insurance Company was substituted by the employer, Virginia Carolina as carrier for its employee group insurance plan, her son’s rights were established to any insurance carried on employee, James Dixon, by a stipulation between the parties and the final decree of divorce from Dixon.
The chancellor relying on Cadore v. Cadore (Fla.1963), 67 So.2d 635, found that the deceased had retained his power to change beneficiaries despite the divorce decree and entered an order finding for the “cross-defendant Ralph Dixon, in his fiduciary capacity as trustee for the three minor children of the decedent James Dixon, viz: Marilyn Dixon and Karen Dixon, and James M. Dixon, Jr., in equal shares, share and share alike * * *
On appeal the District Court of Appeal, Second District, reversed the trial court holding that Cadore, supra, was distinguishable and that the question was, * * * “whether the stipulation and decree amount *898 ed to a divesting of the incidents of ownership similar to a gift or only a requirement for change of beneficiary, revocable at will,” and held “that the terms of the stipulation were so encompassing as to amount to a surrender of the essential incidents of ownership” citing, inter alia, Miller v. Gulf Life Insurance Co., (1943), 152 Fla. 221, 12 So.2d 127.
I have carefully examined both of the main authorities relied on by the petitioner and the respondent, Cadore, supra, and Miller, supra, and find that the facts and the principles applied in those cases are not inapposite but relate to situations in which each has a field of operation. I feel, however, that this cause must be decided on the guiding principle in Cadore that absent a valid and legal restraint of which the insurance company has notice an insured may change beneficiaries when that right is reserved in the policy. Parenthetically, I add that even for equitable reasons and on equitable principles courts should be cautious indeed about the variation of written contracts by judicial decree.
I feel that the essential elements of a gift, coerced or voluntary, have not been met by petitioner in this cause and “the burden of proof is on one claiming to be the donee of property to establish all facts essential to the validity of the gift.” Stigletts v. McDonald (1938), 135 Fla. 385, 186 So. 233. When the claim is not asserted until after the death of the donor, it should be sustained by clear and satisfactory evidence of every element requisite to make a gift. These elements are twofold: the intent to make a gift and the delivery of the property with that intent. Lowry v. Florida National Bank of Jacksonville (Fla.1949), 42 So.2d 368. I cannot agree with respondent that the stipulation and its incorporation into the final decree divested the insured of control over the policy. To the contrary, it is clearly shown that although it was the obvious intent of the court to require the decedent to change his beneficiary in favor of his son, and possibly it was the intent of James M. Dixon, deceased, to make such a change, the fact remains that he did not do so. The stipulation entered into contained the following: “That the defendant James Matthew Dixon, will maintain and keep current in connection with his employment any and all policies of insurance on his own life, which such policies shall he made payable to the minor child herein * * * ” and the final decree ordered: “That the defendant, James Matthew Dixon, is hereby ordered to maintain and keep current in connection with his employment any and all policies of insurance on his own life, which such policies shall he made payable to the minor child herein * * * ”. Dixon had ample time and opportunity to effect the change on the then current policy had he intended to meet the requirements of the stipulation and final decree. Even though he may have, at the time of the stipulation, intended to give the proceeds of the current policy to his minor son “ ‘A mere intention to give in the future, however well shown, gives rise to no obligation which the law will recognize or enforce’ ” and “ ‘To be effective, a gift must go into immediate and present effect’ ”. In Re Slawson’s Estate (Fla.1949), 41 So.2d 324. Further, the insured had sufficient legal notice that the order of the court extended to the new policy but his later stated intent and his acts proved that he wanted his brother, the petitioner Ralph Dixon, to be his beneficiary on the second policy. Neither constructive delivery by fulfilling the requirements for change of beneficiary nor actual delivery of the insurance certificates or policy for the benefit of the minor son was made or accepted. No proceedings to enforce the insurance requirement of the final decree were instituted during the lifetime of decedent and I do not think that there is “clear and satisfactory evidence of every element” requisite to make a gift as contemplated in Lowry v. Florida Nat’l Bank of Jacksonville, supra, or in Miller v. Gulf Life Insurance Co., supra, for at no time did the insured divest himself of dominion and control of his contract with the insurance company. The facts are not sufficient to support the gift, therefore the cases re *899 quiring strict interpretation of policy requirements for change in beneficiaries in life insurance policies control. Warren v. Prudential Ins. Co. of America (1939), 138 Fla. 443, 189 So. 412.
Accordingly, I would reinstate the judgment of the trial court.