214 So.2d 492 (1968)
Samuel SHARPS and Sarah Wertlieb, As Executors of the Estate of Benjamin Sharps, Deceased, Appellants,
v.
Mildred Diane SHARPS, Appellee.
No. 68-260.
District Court of Appeal of Florida. Third District.
October 8, 1968.
Rehearing Denied October 25, 1968.
*493 Bolles, Goodwin, Ryskamp & Ware, Miami, for appellants.
Forrest, Friedman & Ruffner, Horton & Schwartz, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
This is an appeal by the executors of the estate of Benjamin Sharps, deceased, the plaintiffs below, from an adverse judgment rendered on a jury verdict in an action brought by them against the appellee Mildred Diane Sharps, the widow of the decedent, charging her with conversion of certain checks.
Benjamin Sharps died on December 4, 1966. Prior to his death he maintained an account in the Miami Beach First National Bank, designated as a custodial account, and he and his wife held a joint account in Community National Bank and Trust Company in Bal Harbour, Florida. Benjamin Sharps also maintained a brokerage account *494 with Bache & Co., stockbrokers. From them he received the two checks involved here, representing the proceeds of sale of certain securities. One of the checks was for $35,000, dated November 23, 1966. The other was for $19,774.60, dated December 1, 1966. The plaintiffs charged that the defendant Mildred Diane Sharps "converted to her own use" the described checks on November 30 and December 6 respectively, alleging that on or about November 25, and December 2, Benjamin Sharps had instructed the defendant to deposit the checks in his custodial account; that contrary to such instructions the defendant deposited the checks in the parties' joint account (the $35,000 check on November 28 and the other check on December 5); and that the sums represented by the two checks were withdrawn by the defendant from the joint account ($35,000 on November 30, and $19,774.60 on December 6), and the money deposited by her in a "savings account so opened in the sole name of Mildred Diane Sharps in the said Community National Bank and Trust Company." The complaint sought damages in the amount represented by the two described checks.
The defendant answered, admitting the checks were deposited in the joint account and admitting subsequent withdrawal of equivalent amounts and the deposit thereof in her savings account. She denied converting the checks, and denied the allegation that she had been instructed to deposit them in the decedent's custodial account.
On trial of the cause before a jury it was shown that the checks were received by the decedent and delivered by him to his wife during his lifetime. The determinative issue at trial was that raised by the allegation that Benjamin Sharps had instructed his wife to deposit the checks in his custodial account, and her denial thereof. On that issue the evidence presented to the jury was in sharp conflict.
The sole point asserted here by the appellants is that the trial court erred in refusing to give the following requested jury charge:
"The burden of proof is on one claiming to be the donee of property to establish all facts essential to the validity of the gift; and when the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift."
The appellants argue that refusal to give their requested charge was contrary to the holdings in Hattaway v. Florida Power & Light Co., Fla.App. 1961, 133 So.2d 101, and Lowry v. Florida Nat. Bank of Jacksonville, Fla. 1949, 42 So.2d 368. We cannot agree, and we do not consider those decisions to be applicable here.
In this case the defendant did not plead a gift as an affirmative defense. She denied commission of the wrong alleged, and the plaintiffs had the burden of proof to show the conversion, which they could sustain only by establishing by a preponderance of the evidence their allegation that the defendant was instructed by her husband to deposit the checks in his custodial account. Carter v. Bradley, 90 Fla. 524, 106 So. 350. The defendant's evidence was to the effect that such instruction was not given. The fact that the evidence presented on behalf of the wife, in showing that the alleged instruction was not given included evidence of statements by the husband indicating he wanted the wife to have the money represented by the checks, did not place the defendant in the position of pleading an affirmative defense and thereby undertaking the burden of proving a gift. This is so because it was not necessary for the defendant to establish a gift in order to refute the alleged instruction to her. On the conflicting evidence on the issue regarding the instruction, the jury was entitled to find adversely to the plaintiffs.
*495 In the absence of proof that the wife was told to deposit the checks elsewhere, her deposit of the $35,000 check in their joint account, prior to the time the husband died, was not a conversion. The plaintiffs' effort to recover was not based on a claim that the wife was not entitled to withdraw money properly in their joint account, but on the basis alleged (but not proved to the satisfaction of the jury) that she had been instructed by the husband to deal with the $35,000 check in a particular and different manner. The actions of the wife in dealing with the $35,000 check were not inconsistent with the evidence she presented, and the verdict shows the jury so found.
The wife's handling of the other check, for $19,774.60, presents a different situation, as to which other legal principles are involved. The important distinction there is that it was alleged and shown that the wife deposited that check in the joint account on December 5, the day after the husband died.
The wife did not assert an affirmative defense of gift of that check, but she denied, and prevailed in her denial that she had been instructed as to its deposit. As noted with reference to her handling of the $35,000 check, in the absence of instructions to the contrary it was not improper for her to deposit that check in their joint account during the husband's lifetime. However, when the husband died on December 4, the wife still held the husband's check for $19,774.60. Upon his death, in the twinkling of a legal eye, that check became an asset of the husband's estate. Mills v. Hamilton, 121 Fla. 135, 163 So. 857, 858. Also, upon his death the joint bank account became the wife's account by right of survivorship. See Spark v. Canny, Fla. 1956, 88 So.2d 307. Therefore, the deposit of the check by the wife in the former joint account, after her husband's death, in the absence of prior instruction from him, would be proper only if the husband had made a gift of the check to her. To establish such a gift the wife would have the burden of so showing by clear and satisfactory evidence, and in that circumstance the requested instruction relied on by the appellants would be applicable. Lowry v. Florida Nat. Bank of Jacksonville, Fla. 1949, 42 So.2d 368, supra.
Accordingly, the judgment is affirmed to the extent that it relates to the $35,000 check, but is reversed as to the $19,774.60 check and the cause is remanded to the circuit court for new trial thereon.
Affirmed in part and reversed in part and remanded.