WARREN, LAMAR, Associate Judge.
This appeal by the plaintiff wife is from those portions of a final decree which awarded alimony and child support, and which found that as to a farm located in Maryland the evidence overcame the presumption of a gift in favor of the wife and that after retiring a bank loan the parties should divide equally the remaining proceeds of the farm sale. The property originally was held by the parties as tenants by the entirety but the interest of the husband subsequently was conveyed to the wife and the property sold during the divorce proceedings.
The plaintiff has raised two points on appeal, the first questioning the holding of the court that the farm was the joint property of the parties and the second questioning the amount of alimony and child support.
The plaintiff testified that in reconciliation discussions during a separation of the parties in 1964, at a meeting with her lawyer and her husband’s lawyer, “Two, I asked for the farm to be put in my name as security. * * * So, he ordered his lawyer to have our mutual lawyer draw up a deed changing the farm to my name.” A deed of the property to the plaintiff was executed and recorded on December 14, 1964, and referring to early 1966, plaintiff stated, “I had the income from the farm which was rented at $200 a month.” As noted above it was sold after suit was filed in Florida, which was in March, 1966, alleging extreme cruelty. The evidence also reflected that after the deed to the wife the parties gave a $6000 note to a bank, the moneys to be used in large part for repair on a house in Delray Beach. The defendant testified, in response to an inquiry when and for what purpose the loan was made, that “This loan — the time as a matter of fact I changed the title of her name on Long Haul Farm, some months after her attorney desired to have that done. And as a matter of fact at one period Mrs. Fuller said, ‘Well, don’t bother to change the name.’ I went ahead and did it and it was with the full understanding that we were going to make the move to Florida, that all these things and bills accumulated would be paid off with the sale of Long Haul Farm. * * * And the $6,000 which she co-signed, and which was thoroughly understood would be paid off with the sale of Long Haul Farm, also was understood at First Seneca Bank. * * *” The defendant further stated that before their final separation in March, 1966, the farm was rented for a short term and the rent was “put in the common kitty to try and eat up the bills.” In its decree the court found that when the farm was rented *509 the proceeds were used by the parties jointly for their common living expenses.
It was plaintiff’s position that the transfer of the farm to her constituted a fully executed and enforceable contractual obligation of the defendant to her arising out of a reconciliation agreement rather than a gift, and if such transaction constituted a gift rather than a performance of a contract that nevertheless the presumption of a gift was not overcome by the defendant’s evidence.
The husband does not contend that such an agreement is not enforceable but that in the present case there is no evidence of what were the terms of the agreement, other than the fact that the husband transferred his interest in the farm to his wife “as security” for their reconciliation.
The farm is located in Maryland, the conferences between the parties and their attorneys at which the conditions of the reconciliation were agreed upon occurred in Maryland, and the parties became reconciled in Maryland, where they were residents.
In 24 Am.Jur.2d, Divorce and Separation, § 17, it is stated that, “Where the parties live apart for legal cause it is clear that a contract whereby the aggrieved spouse forgives or condones the misconduct and the offender agrees to pay money or transfer property to the condoner is not against public policy; the tendency of such contracts is to unite rather than separate the spouses. Moreover, the resumption of marital relations is a valid and sufficient consideration for the contract under such circumstances.” See also 11 A.L.R. 277; 149 A.L.R. 1012.
The validity and enforceability of a reconciliation contract has been upheld in Maryland. In Young v. Cockman, 1943, 182 Md. 246, 34 A.2d 428, 149 A.L.R. 1006, the court in upholding a complaint alleging a reconciliation contract between a husband and a wife said, “We hold that a contract between husband and wife, made when they are separated for just cause, whereby the husband agrees to pay his wife a specified sum if she will resume marital relations, rests upon a valuable consideration and is enforceable.” And Florida has passed upon the validity of a separation agreement executed in another state. Hagen v. Viney, 1936, 124 Fla. 747, 169 So. 391.
It appears from the evidence recited above that the transaction was one of contract rather than gift, the parties obviously agreeing to become reconciled and to resume cohabitation upon the husband furnishing his wife with financial security, the testimony further reflecting that the wife theretofore had legal cause to live apart from her husband.
Even if the conveyance of the husband’s interest in the property were construed as a gift rather than a contract, the evidence fell short of the standard of proof required to overcome the presumption of a gift.
The husband conceded that the well-established rule in Florida was to the effect that there was a presumption of a gift to the wife upon a transfer by the husband to the husband and wife-as tenants by the entirety as demonstrated by Holton v. Holton, Fla.App.1966, 189 So.2d 214, wherein it was said that, “All of the Florida cases seem to hold that conclusive evidence is necessary to overcome the presumption of a gift to the wife upon a transfer to an estate by the entirety.” It was his position however that the presumption did not take effect where the husband and wife already owned the property as tenants by the entirety and the husband subsequently transferred his interest to the wife. In support thereof he offered the cases of Garner v. Bemis, 1921, 81 Fla. 60, 87 So. 426, and Allen v. Allen, Fla.App.1960, 123 So.2d 355, both of which dealt with the claimed gift of personal property. These cases upon examination do not sustain his position.
*510 The essential elements of a gift between husband and wife are delivery, actual or constructive, intent of the donor to divest himself of all dominion and control, and acceptance by the donee, which may be presumed as in other cases. 41 Am.Jur.2d, Husband and Wife, § 259. It is almost uniformly held that a gift inter vivos or causa mortis may be effected by a writing without delivery, where the writing is a deed or an instrument under seal; it has also been held that a deed is effective as a gift, without delivery of the property, if a manual delivery is impracticable or impossible. As in all transfers by written instruments the language must express a present intention to pass title. In order to constitute a valid gift, the deed must pass beyond the dominion and control of the donor and come within the power and control of the donee. 38 Am.Jur.2d, Gifts, § 31. The transfer herein to the wife as shown by the evidence met these requirements.
In Ray v. Ray, Fla.1950, 44 So.2d 286, where the husband, being the owner of real estate, joined by his wife conveyed a one-half undivided interest to the wife, the court stated the rule broadly enough to encompass all conveyances from a husband to a wife, where it said, “In a deed by a husband to a wife of real estate, the presumption of law is that it was intended as a gift to the wife, which will be upheld until overcome by conclusive evidence.”
To the same effect is the case of Olsen v. Olsen, Fla.App.1967, 195 So.2d 864, the wife therein having caused shares of stock, given to her by her father before her marriage, to be issued to her and her husband as joint tenants with right of sur-vivorship, she having done so for convenience in the event of her death. The lower court refused to restore the stock to the wife, and the appellate court reversed, saying, “As a general proposition, a transfer from a husband to a wife is presumed to be a gift. [Citing cases.] The converse of this, however, is not true. A transfer from a wife to a husband of her separate property is not presumed to be a gift, and the burden is on the husband to establish the fact that the receipt of any of his wife’s separate property is in fact a gift. [Citing cases.]”
The mere facts of.some time later co-signing a note, which was to be discharged from the proceeds of the sale of the farm property, and of using the rent from the property, which appears to have been rented a few months before the final separation, for common living expenses, are not sufficient to overcome the presumption of a gift in favor of the wife.
The second question has been carefully reviewed. It is not established on the record that the rulings of the lower court were an abuse of discretion in the awards of alimony and child support.
Affirmed in part and reversed in part, with directions to the court below to modify its final decree by declaring the wife to be the sole owner of the remaining proceeds of the sale of the farm.
WALDEN, C. J., and REED, J., concur.