RAWLS, Judge.
Appellant, Marjorie M. Wood, individually and as executrix of her father’s estate, appeals an adverse final judgment in a case involving a gift of funds in a joint savings account.
Appellant primarily contends that the trial court erred in concluding that there was no completed gift inter vivos when appellant’s deceased father, before his death, attempted to transfer $15,000 from his individual savings account to a joint account with right of survivorship. Appellant further asserts that the court erred in awarding costs and fees.
The circumstances surrounding this case are as follows:
Appellant, Marjorie M. Wood, is the daughter of Earnest A. McClellan (deceased) and the executrix of his estate. Appellee, Ida Belle McClellan, is the widow of the deceased and mother of appellant. Marjorie Wood had for a number of years prior to her father’s death held power of attorney and generally managed her father’s business. Earnest McClellan maintained a personal savings account in his individual name in the First Federal Savings and Loan Association, Panama City, Florida. On November 30, 1967, Marjorie secured from the Association forms for changing the personal account to a joint account with right of survivorship in both her father’s name and her name. She was told by a clerk of the Association that the old account would have to be closed and a new joint account opened. The clerk testified that she advised Marjorie to wait until after December 29th to open the joint account and transfer the funds in order to collect six months’ interest. Marjorie agreed to this arrangement, took the forms home where her father signed them, and she returned them to the Association by mail. The Association did not know when the undated transfer and signature cards were returned — sometime before December 25, 1967. On December 23, 1967, Earnest McClellan died. On December 29, 1967, the Association, unaware of the death, computed the interest earned by decedent’s personal account, mailed a dividend check of the interest to decedent, closed the personal account and transferred the funds to the new joint account. Marjorie has since withdrawn all funds and deposited them in her separate personal account.
At the trial Marjorie contended that the $15,000 was a completed inter vivos gift from her father which she was free to do with as she wished. Her mother, Ida Belle McClellan, contended that any attempted gift was incomplete at the time of decedent’s death and therefore the funds were assets of his estate. The court concluded that the gift was incomplete and ordered Marjorie to account to the estate for the $15,000 plus interest and to pay the fee of the guardian ad litem and costs.
We agree with the trial court’s conclusion. When a claim of a gift is not asserted until after the death of the alleged donor, the donee must show by clear and satisfactory evidence every element which is requisite to constitute a gift. Lowry v. Florida National Bank of Jacksonville, 42 So.2d 368 (Fla.1949), and Garner v. Bemis, 81 Fla. 60, 87 So. 426 (1921). The elements include donative intent, delivery — either actual, constructive or symbolic — and acceptance by the donee.
Appellant strongly urges that this case is controlled by Hilton v. Upton, 204 So.2d 352 (Fla.App. 1st 1967), which establishes the criteria for completing an inter vivos gift utilizing a joint account with right of survivorship. In Upton, decedent’s widow claimed that the joint checking account established by her husband before his death was a completed inter vivos gift of the proceeds. The husband filled out the necessary forms and the account was *79 changed on the bank’s books before the husband’s death. In that case this court, in quoting from Chase Federal Savings & Loan Association v. Sullivan, 127 So.2d 112 (Fla.1960), stated:
“Three basic elements for establishing a gift inter vivos are: 'donative intent, delivery — not the money, in specie, in the joint fund, but a gift of an undivided interest in the funds, the surrender of an equal right to withdraw the funds, and acceptance by the donee.’ ”
In Sullivan also, the gift was complete on the bank’s books long before the death of the party establishing the account.
In the instant case, appellant personally made the arrangements with the clerk to continue decedent’s individual savings account (upon which she had no right of withdrawal) until after the six months’ interest was earned by that account, collect the interest earned and pay it to her father, and then to open the new joint savings account in both names with the transferred $15,000. This did not happen until December 29 — six days after the father’s death. Assuming these arrangements were made either at her father’s instruction, or with his consent, there was no intent to transfer the funds — deliver the gift until after the six months’ interest was earned and paid. Further, it seems clear that appellant’s acceptance of the gift was deferred until December 29. Although acceptance of a gift will generally be presumed, the presumption may be rebutted. Appellant’s actions, in making the arrangements to open the joint account after December 29, indicated that she did not wish to exercise her rights with respect to the funds (accept the gift) until that date. The intervening death of Earnest McClellan prevented the completion of the intended gift. Appellant has failed to carry her burden of proof and show the requisite elements of a completed inter vivos gift.
The trier of fact is in the best position to judge the credibility of the witnesses and the weight and sufficiency of their testimony. He obviously concluded that there was no intended delivery and/or acceptance of the gift until December 29. There is competent substantial evidence in the record to support this conclusion and, therefore, it will not be disturbed.
The trial judge properly exercised his discretion in awarding fees and costs.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.