BLACK, SUSAN H., Associate Judge.
Appellant, National Life Insurance Company, takes its appeal from an interlocutory order denying a motion for attorneys’ fees and costs.
The record reflects that appellant issued a life insurance policy on the life of Charles M. McArthur on August 26, 1964, in the face amount of $100,000 with an additional $100,000 accidental death benefits provision. The appellee, Nadean McArthur, now Nade-an McArthur Huff, owned the policy and was the named beneficiary. The appellee was indicted for the June 10,1973, shooting of her husband, Charles M. McArthur, and to this date there has been no final disposition of the charges.
After the death of Mr. McArthur the appellee, through her attorneys, filed a claim for the benefits under the insurance policy. Whether the claim had been filed was disputed by the appellee, but in the original complaint for interpleader the appellant alleged the filing of the claim, which allegation was admitted in the answer of the appellee.
The appellant, knowing that a beneficiary who murders an insured may not take the proceeds under the insurance policy, filed a complaint for interpleader February 25, 1975, naming as defendants all those who might have a claim to the policy proceeds. All parties answered, with the Defendant-Southeast First National Bank of Miami filing a counter claim and cross claim, Defendant-Nadean McArthur Huff filing a counter claim and/or cross claim and the defendant/guardian of LaNae McArthur filing a cross claim.
The appellant filed a motion for partial summary judgment which was granted with the court ordering the appellant to deposit with the registry of the court the *433 total sum of its liability under the life insurance policy in the amount of $216,800.12. The subsequent motion for determination of attorneys’ fees and costs and entry of a final judgment based thereon was denied, the order denying being the order from which this appeal is taken.
The appellant admitted liability under the double indemnity clause of the policy, filed a complaint for interpleader which was granted, had total disinterest in the disbursement of the policy proceeds other than the desire to have conflicting claims judicially determined, and did nothing to cause the conflicting claims; therefore, on the authority of Miller v. Gulf Life Ins. Co., 148 Fla. 1, 3 So.2d 519 (1941) and Ellison v. Riddle, 166 So.2d 840 (Fla.2d DCA 1964), the order denying attorneys’ fees is hereby reversed and remanded to the trial court with directions for the entry of an award of attorneys’ fees and costs, in a reasonable amount.
REVERSED AND REMANDED with directions.
DAUKSCH and LETTS, JJ., concur.