KLEIN, Judge.
This appeal involves a dispute between a widow and the children of her deceased husband by a former marriage. The widow’s complaint alleges that prior to her husband’s death she executed a document which authorized her husband to roll his pension with his employer into an IRA, and in return her husband made her the sole beneficiary of the IRA. She further alleged that about five years later, without her knowledge, her husband revoked his designation of her and designated his children as the beneficiaries of the IRA. She requested declaratory and other relief against the children and USAA entities with which the IRA was invested.
The USAA defendants moved to in-terplead the funds, alleging that they were disinterested innocent stakeholders, that both the widow and the children were demanding the funds, and that they were at risk of having to pay twice. The court granted the motion and the children appeal that order. We find that the requirements of interpleader were met here. Sea Management Serv. Ltd. v. Club Sea, Inc., 512 So.2d 1025 (Fla. 3d DCA 1987).
The children are also attempting to use this appeal as a vehicle to have this court determine issues between the children and the widow. The order allowing interpleader, however, is a final appealable order only as to the USAA defendants. Miller v. Gulf Life Ins. Co., 148 Fla. 1, 3 So.2d 519 (1941). The children argue that the order is subject to non-final appeal under Florida Rule of Appellate Procedure 9.130 at the present time because it (1) refuses to dissolve an injunction, (2) determines the right to immediate possession of property, or (3) determines liability in favor of a party seeking affirmative relief. We disagree that the order allowing interpleader can be properly characterized as any of the above.
We therefore affirm the order insofar as it allows the USAA defendants to interplead, but we are without jurisdiction to address the remaining issues raised by the children.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.